PEERLESS TOWEL SUPPLY Co., INC., Respondent, *v.* TRITON PRESS, INC., Appellant.

PEERLESS TOWEL SUPPLY Co., INC., Respondent, *v.* K. & R. WIRE TWISTED BRUSH Co., INC., Appellant.

First Department, March 12, 1957.

250

*Morris H. Halpern* (*Morris E. Vogel* with him on the brief), for appellants.

*Donald Vail* of counsel (*McCanliss & Early,* attorneys), for respondent.

*Per Curiam.* Plaintiff operates a linen service and supplied defendants pursuant to written agreements which bore the word " contract " stamped across the face and which provided that each defendant " hereby leases  *  *  *  [t]owel service consisting of 1 cabinet with necessary soap " and the specified number of towels, " (said towels to be exchanged for clean ones weekly), for the term of one year from the date hereof, and thereafter from year to year until terminated by notice in writing given thirty days prior to the expiration of any such term ". The customer agreed " to pay the monthly rental ". The instrument further provided " that the articles so leased remain the property of the PEERLESS TOWEL SUPPLY COMPANY, INC., and are to be returned at the termination of this agreement in as good condition as reasonable wear and tear will permit."

The original agreements were made October 1, 1951 and defendants continued to make the payments called for until January 1, 1955, at which time they decided to discontinue. After that date they refused to make any further payments or accept further towel service. Plaintiff contends that as of October 1, 1954 the agreement was automatically renewed for another year since defendants had failed to give the required 30 days' notice in writing in order to terminate the contract. Plaintiff demanded, and has recovered judgments for, the amount due under the agreement for the period from January 1, 1955 to October 1, 1955, the balance of the complete year. It is defendants' position that the agreement was not renewed since plaintiff failed to serve, 15 days prior to the terminal date, notice of the existence of the renewal clause.

The question involved on these appeals is whether this agreement provides for a " lease of personal property " so as to come within section 399 of the General Business Law which specifies

that, "No provision of a lease of any personal property which states that the term thereof shall be deemed renewed for a specified additional period unless the lessee gives notice to the lessor of his intention to release the property at the expiration of such term, shall be operative unless the lessor, at least fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the lessee written notice, served personally or by mail, calling the attention of the lessee to the existence of such provision in the lease." If the agreement is deemed to be in the nature of a lease then the automatic renewal clause is inoperative since it is conceded that the plaintiff sent no notice of the provision to the defendants.

Plaintiff contends that this is not a "lease" but a "contract" which did not involve specific property capable of identification. The fact however is that specific property, i.e., a cabinet and towels, was leased to the defendants with an agreed "rental" charge and with the understanding that the articles leased would remain plaintiff's property and would be returned upon termination of the agreement, wear and tear excepted.

The statute (§ 399), being of a remedial nature, should be given a construction broad enough to cover this arrangement. Indeed, it would appear that this very controversy was what the sponsor of the statute was hoping to avoid. As he explained (New York Legislative Annual 1953, pp. 61–62): "This bill seeks to protect all businessmen from fast talking sales organizations armed with booby traps which they plant in business contracts involving equipment rentals * * *. Undoubtedly, many unsuspecting small businessmen are taken in by such evil practices which — taken collectively — are costing those who cannot afford it many thousands of dollars yearly. The automatic renewal clause was eliminated from landlord leases (see Real Property Law, § 230). It should be outlawed in business contracts, too."

The instant case involves precisely the sort of situation which section 399 was designed to cover, and nice distinctions as to whether this is a "service" should not derogate from the fact that there was sufficient in the nature of the arrangement and the words of the agreement to bring these cases within the scope of section 399.

We hold, therefore, that plaintiff having failed to notify defendants of the existence of an automatic renewal clause, the clause is not binding on defendants. Accordingly, plaintiff was not entitled to recover on the basis of an automatically renewed contract.

The determinations should be reversed, with costs in this court and in the Appellate Term in each instance, and complaints dismissed, with costs.

BOTEIN, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court, in each of the above-entitled actions, unanimously reversed, with costs in this court and in the Appellate Term, and judgment is directed to be entered in the Municipal Court dismissing the complaint herein, with costs.