Richard S. Lane, J.
Plaintiff is an attorney specializing in civil service status and collective bargaining matters.
He sues herein for $8,500, the amount of his annual compensation pursuant to a written retainer agreement with defendant. The agreement by its terms covers a two-year period from March 7, 1973 and contains an automatic renewal clause for another year unless written notice of intent not to renew is given on or before February 7, 1975. The year in controversy here is the year commencing March 7, 1975.
Although plaintiff had known of membership dissatisfaction for about nine months, concededly he did not learn of the effective termination of his services until on or about March 19, 1975 and written notice did not reach him until on or about April 4, 1975. Again, concededly he rendered valuable services to defendant into April, 1975 or for approximately one month of the year in controversy. No attempt was made to show any justification for the termination.
Generally, the law is that a client may discharge an attorney at any time with or without cause, and the attorney is then relegated to a cause of action in quantum meruit for services actually rendered, even though compensation may have been fixed by agreement. There is an exception to this general rule where there is a retainer for a specified compensation during a specified term, the courts making the analogy to the ordinary business employment contract (Greenberg v Remick & Co., 230 NY 70; Prial v Association of Classified Employees of Dept. of Sanitation, NYLJ, Oct. 16, 1969, p 14, col 4; Cohen v Cocoline Prods., 150 NYS2d 815; see Matter of *289 Local 2 of International Union of Police and Protection Employees v Davis, 27 A D2d 650).
Defendant argues that there is an exception to the exception where the retainer, although for a fixed term, is not general but pertains to specified matters as in the instant retainer. Defendant cites in support thereof Matter of Montgomery (272 NY 323) and Handelman v Olen (11 A D2d 987) (see the lower court opinions which reveal the fixed term of the retainers involved — 156 Misc 583 and 24 Misc 2d 401), and defendant also relies on Martin v Camp (219 NY 170, mots for reargument den 219 NY 627 and 221 NY 631). Although there is some language in these cases lending evidence to defendant’s argument, I cannot accept it. To do so, would raise form over substance and this is especially true in the current world of legal specialization. Should the result vary just because the lawyer is not a general practitioner, but is an expert in the law of taxation or labor law or even in the further refined specialty of civil service labor law? As ably articulated by Judge Valente in the dissent in the Handelman case (supra) the distinction in the above referred to cases is not between a general retainer and a limited retainer. The distinction is rather between a contract to be available to a client in the future, whether generally or in limited types of matters, and a contract to render services in the future with respect to a matter already in process or expressly contemplated.
Defendant further argues that the retainer’s automatic renewal provision is rendered unenforceable by reason of plaintiff's failure to comply with section 5-903 of the General Obligations Law. That section requires that one seeking to avail himself of an automatic renewal provision in any contract for "service, maintenance or repair to or for any real or personal property” must himself first give to the other party timely written notice of the existence of such automatic renewal provision. In connection therewith defendant invites my attention to the broad definition of personal property in section 39 of the General Construction Law.
It is an ingenious argument. If accepted, however, it would bring within the orbit of the statute any and every employment contract containing an automatic renewal provision. The Legislature’s target was obviously much narrower. It was trying to reach sharp salesmen and naive consumers of services to property, however generously defined, as opposed to services to people (see 1961 Bulletins of the Committee on *290 State Legislation of the Association of the Bar of the City of New York, No. 67, p 325; see Telephone Secretarial Serv. v Sherman, 28 AD2d 1010; see Peerless Towel Supply Co. v Triton Press, 3 AD2d 249). To the extent that Lieb v Vernon Plating Works (NYLJ, April 24, 1975, p 20, col 4) is to the contrary, I am not bound by it and decline to follow it. Like defendant’s argument it stretches the statute way out of shape.
Plaintiff may have judgment for $8,500 together with interest from April 4, 1975 (the date of defendant’s anticipatory breach) and the costs of this action.