■ Youz Films, Ltd., et al., Appellants, v Just Born, Inc., et al., Respondents.—Order, Supreme Court, New York County, entered September 11, 1978, granting defendants' motion for partial summary judgment dismissing the third, fourth and fifth causes of action in the complaint, is affirmed, on the opinion of Klein, J., at Special Term, with costs. We add only with respect to the defense of the Statute of Frauds addressed to the fourth cause of action that the alleged reliance on the oral agreement is no more than the usual situation of parties who orally agree on a deal, intending that there shall be a written contract, and then at the point of signing, one of the parties backs out. This does not estop the defendant from asserting the defense of the Statute of Frauds. Concur—Birns, J. P., Sandler, Bloom, Lupiano and Silverman, JJ.

■ Norman Rich et al., as Trustees of the West Side Corp. Profit Sharing Plan, on Behalf of Itself and All Others Similarly Situated, Respondents, v Touche Ross & Co., Appellant.—Order, Supreme Court, New York County, entered July 7, 1977, denying defendant's motion to dismiss the first cause of action in the amended complaint, as insufficient in law, and because of the existence of a defense founded upon documentary evidence, and *res judicata,* is unanimously affirmed so far as appealed from, with costs. While the allegations as to wrongdoing and fraud by defendant-appellant are for the most part conclusory, the complaint does contain one allegation that we think requires that the complaint be sustained under our liberal rules of pleading. In paragraph 26, the complaint alleges that defendant, a firm of certified public accountants, "did not attempt to discover Weis' [the client's defaulting stockbroker] true financial condition". The fair meaning of the accountant's certification executed by defendant is a representation that defendant, as certified public accountants, did attempt to discover Weis' true financial condition, at least within the limits of "generally accepted auditing standards" and such tests and "such other auditing procedures" as defendant reasonably and honestly considered necessary in the circumstances; and that defendant's opinion as to Weis' financial condition was based on such honest efforts and procedures. Thus if the quoted allegation in paragraph 26 of the complaint is true, the case may fall within the rule of *State St. Trust Co. v Ernst* (278 NY 104, 112): "A representation certified as true to the knowledge of the accountants when knowledge there is none, a reckless misstatement, or an opinion based on grounds so flimsy as to lead to the conclusion that there was no genuine belief in its truth, are all sufficient upon which to base liability. A refusal to see the obvious, a failure to investigate the doubtful, if sufficiently gross, may furnish evidence leading to an inference of fraud so as to impose liability for losses suffered by those who rely on the balance sheet. In other words, heedlessness and reckless disregard of consequence may take the place of deliberate intention." Whether there is any foundation in fact for plaintiffs' allegations is better left for determination on a full presentation of the facts, either on motion for summary judgment or on trial. The extraordinary delay in prosecuting this appeal from a pleading order confirms us in our view not to take too strict a view as to the sufficiency of the pleading. The defense of *res judicata* is without foundation in this record. Concur—Birns, J. P., Sandler, Bloom, Lupiano and Silverman, JJ.