■ AMERICAN BARTENDERS SCHOOL, INC., Respondent, v 105 MADISON COMPANY, Appellant. — Order of the Supreme Court, New York County (Price, J.), entered on March 8, 1982, which denied the motion by defendant-appellant 105 Madison Company to dismiss the complaint and granted plaintiff-respondent's motion to consolidate the instant action with a summary holdover

proceeding pending in the Civil Court of the City of New York, County of New York, is unanimously reversed, on the law, without costs or disbursements, plaintiff's cross motion denied and defendant's motion to dismiss the complaint granted. Pursuant to an agreement commencing on February 1, 1980 and due to expire on January 31, 1990, plaintiff American Bartenders School, Inc., leased certain premises at 105 Madison Avenue in Manhattan. The lease provides that "any executory agreement hereafter made shall be ineffective to change, modify, discharge or effect an abandonment of it in whole or in part, unless such executory agreement is in writing and signed by the party against whom enforcement of the change, modification, discharge or abandonment is sought." Plaintiff subsequently sought to modify the lease and entered into negotiations with the landlord for that purpose. According to the plaintiff, the parties orally agreed that plaintiff would surrender a portion of its space and that defendant would lease the area in question to American Academy McAllister Institute of Funeral Service, Inc. Although defendant ultimately prepared a draft lease modification, which plaintiff duly signed, the building was sold in the interim, and the new owner refused to execute the modification. Plaintiff then instituted the instant action for specific performance of the lease modification, contending that in reliance upon the assurances made by the defendant that plaintiff would be permitted to reduce its premises and, therefore, its rental obligation, it decreased its staff, student body and general operation. Special Term, in declining to dismiss the complaint, found triable issues of fact and law. We disagree. The Statute of Frauds (General Obligations Law, § 5-703, subd 2) provides that: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." It is clear, and plaintiff does not dispute, that the alleged modification agreement is barred by the Statute of Frauds. However, it is plaintiff's position that defendant should be estopped from invoking the Statute of Frauds because of plaintiff's reliance to its detriment upon defendant's representation that it would be allowed to reduce its premises. In *Ginsberg v Fairfield-Noble Corp.* (81 AD2d 318, 320-321), this court held that: "An oral promise cannot be relied upon to estop a plea of Statute of Frauds unless the circumstances are ' "such as to render it unconscionable to deny" ' the oral promise upon which the promisee has relied". Nothing that occurred in the situation at issue would render it unconscionable to enforce the Statute of Frauds. As the court declared in *Youz Films v Just Born* (69 AD2d 778), "the alleged reliance on the oral agreement is no more than the usual situation of parties who orally agree on a deal, intending that there shall be a written contract, and then at the point of signing, one of the parties backs out." Concur — Kupferman, J. P., Carro, Milonas and Alexander, JJ.