■ ROBERT GREENBAUM, Appellant, v LOUIS WEINSTEIN, Respondent.—In an action, *inter alia,* for specific performance of a contract to convey real property, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), entered April 4, 1986, which, upon treating the defendant's motion to dismiss the complaint as one for summary judgment, granted the motion and adjudged that the contract dated November 9, 1980 had been canceled by the defendant, and (2) an order of the same court, entered September 15, 1986, which granted the defendant's motion to cancel the notice of pendency filed September 24, 1985 by the plaintiff unless, *inter alia,* the plaintiff posted an undertaking in the amount of $100,000.

Ordered that the order and judgment entered April 4, 1986 is affirmed; and it is further,

Ordered that the order entered September 15, 1986 is affirmed; and it is further,

Ordered that the defendant is awarded two bills of costs.

On or about November 9, 1980, the parties entered into a contract wherein the defendant agreed to sell his home, located in Hewlett Harbor, New York, to his grandson, the plaintiff, for a purchase price of $100,000. Upon the signing of the contract, the plaintiff paid $1,000. The $99,000 balance was to be paid at the closing, which was scheduled for November 1990 or within six months after the defendant's death, whichever event occurred earlier. According to paragraph 23, the contract could not be changed or canceled except in writing. Paragraph 25, which was inserted in typewriting immediately above the signature lines, provided that the contract could be canceled only by the defendant during his lifetime by returning to the plaintiff by certified mail the $1,000 down payment.

On July 2, 1985, the defendant notified the plaintiff he was exercising his right to cancel the contract and returned the $1,000 down payment. By letter dated September 23, 1985, the plaintiff returned the defendant's check, writing that he did not recognize the defendant's right to cancel the contract.

In October 1985 the plaintiff commenced the instant action, alleging that, upon the defendant's assurances that the sale would eventually take place, he changed his position to his detriment. Therefore, the plaintiff claimed that the defendant had waived his right to cancel the contract and was equitably estopped from exercising the cancellation clause.

The defendant moved to dismiss on the grounds that oral changes to the contract were prohibited by the Statute of Frauds and that the complaint failed to state a cause of action. In opposing the motion, the plaintiff averred that the defendant had assured him that the Hewlett Harbor house would one day be his and *"that he would never cancel the contract between us"*. The plaintiff's wife submitted an affidavit averring that the defendant *"insisted that we stay in our present home and that one day his home would be ours"*. In reliance on these assurances, the plaintiff alleged, he chose not to buy another, more spacious home, and instead decided to wait until the time came to purchase the defendant's house. As a result of a rising real estate market, the plaintiff contended that he could no longer afford to purchase the more spacious house he had previously considered.

After notifying the parties that the motion would be treated as one for summary judgment (see, CPLR 3211 [c]), the court dismissed the complaint and declared that the contract had been duly canceled by the defendant. We affirm.

Since the plaintiff was aware that the contract could not be orally changed and knew that the defendant reserved an unfettered right to cancel, his reliance on the defendant's alleged oral assurances cannot be said to have been reasonable. Moreover, where a party claims to have relied on a promise, here the alleged promise that the defendant would never exercise the cancellation clause, the party seeking to invoke estoppel to take a contract out of the Statute of Frauds (General Obligations Law § 5-703 [2]) must demonstrate that the circumstances are such as to render it unconscionable to deny the oral promise (Swerdloff v Mobil Oil Corp., 74 AD2d 258, 262-263, lv denied 50 NY2d 913; see, American Bartenders School v 105 Madison Co., 91 AD2d 901, affd 59 NY2d 716). In the case at bar, where the plaintiff undoubtedly weighed the difficulties and dislocation that would be occasioned by buying a new house against the hope and expectation that the defendant would honor his verbal assurances, the decision to forego the purchase of the more spacious home, at a time when it was affordable, does not constitute the sort of unconscionable injury required to take the alleged oral promise out of the Statute of Frauds and bar the defendant from exercising his right to cancel the contract (see, Swerdloff v Mobil Oil Corp., supra, at 263-264).

We have examined the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.