■ JOSEPH ZUCKER, Respondent, v KID GLOVES, INC., Appellant. [652 NYS2d 614] —In an action to recover damages for breach of contract and negligence, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated October 27, 1995, as granted the plaintiff's motion for summary judgment to the extent of dismissing its first affirmative defense of failure to state a cause of action, and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is an artist whose work was exhibited by a gallery in New Orleans, Louisiana, in 1992. Following the exhibition, the gallery contracted with the defendant, Kid Gloves, Inc., to ship the artwork to a storage facility in Huntington, New York, which was designated by the plaintiff. The plaintiff claims that the artwork was damaged during shipping, and commenced this action against the defendant to recover damages under theories of breach of contract and negligence. The defendant answered, raising as an affirmative defense *inter alia,* the failure to state a claim upon which relief could be granted. The plaintiff then moved for summary judgment and the defendant cross-moved for the same relief, seeking to dismiss the action on the ground that the plaintiff was not a third-party beneficiary of its shipment contract with the New Orleans gallery, and therefore lacked standing to maintain the

action. The court, *inter alia,* denied the cross motion for summary judgment and we affirm.

The plaintiff's claim that he is a third-party beneficiary to the shipping contract under Louisiana law is raised for the first time on appeal and as such cannot be considered. However, an issue of fact exists as to whether the parties intended to benefit the plaintiff, thereby making the plaintiff a third-party beneficiary under New York law (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38; *Peckham Rd. Corp. v Town of Putnam Val.,* 218 AD2d 789, 790; *Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448, 455). Consequently, that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract was properly denied.

Moreover, the defendant's argument that the plaintiff is not a third-party beneficiary of the contract between it and the gallery does not support its motion for summary judgment dismissing the cause of action seeking to recover damages for negligence. There is no automatic bar to tort liability in the event that neither privity of contract nor intended beneficiary status exists. " 'The [tort] duty of reasonable care in the performance of a contract is not always owed solely to the person with whom the contract is made * * * It may inure to the benefit of others' " (*White v Guarente,* 43 NY2d 356, 363). Accordingly, that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action for damages based upon negligence was also properly denied.

In light of our determination, we do not reach the appellant's contention that damages, if any, are limited by the terms of the delivery contract. The defendant's remaining contention is without merit (*see, Sagevick v Sanchez,* 228 AD2d 488). Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.