F.B. Transit Road Corporation, Respondent, v DRT Construction Company, Inc., Individually and as Partner in ACP/DRT Partnership, Appellant, and W.R.S.B. Development Company, L. L .C., Intervenor-Appellant. (Action No. 1.) F.B. Transit Road Corporation, Respondent, v W.R.S.B. Development Company, L. L. C., et al., Appellants. (Action No. 2.) (Appeal No. 2.) [661 NYS2d 367] —Order unanimously reversed on the law with costs, cross motion granted and amended complaints dismissed. Memorandum: Plaintiff entered into a contract to purchase commercial real estate from defendant DRT Construction Company, Inc. (DRT). The contract provided for a 60-day due diligence period during which plaintiff could terminate the contract without penalty upon notice to DRT. Following several extensions of that period, plaintiff exercised its right to terminate the contract. DRT subsequently sold the property to defendant W.R.S.B. Development Company, L.L.C. (W.R.S.B.), which in turn sold parcels to defendants Wegmans Food Markets, Inc. (Wegmans), and Dayton Hudson Corporation (Dayton Hudson).

Plaintiff commenced the instant actions seeking specific performance of its contract with DRT, damages, declaratory relief and a determination of the parties' rights pursuant to RPAPL article 15. Plaintiff alleges that, following its termination of the agreement, DRT made repeated oral assurances to plaintiff that the deal remained in place and that it would agree to modify the terms of the contract of sale. As a result, plaintiff alleges, DRT is obligated to sell the property to plaintiff under either the original contract, the original contract as modified orally or a new oral agreement. Plaintiff moved for an order compelling discovery. DRT and W.R.S.B. cross-moved for summary judgment dismissing the amended complaints on the grounds that the original contract was terminated by plaintiff, modification of that contract was barred by its express provisions that it could be modified only in writing (*see,* General Obligations Law § 15-301 [1]) and the Statute of Frauds barred any new agreement for the sale of the property (*see,* General Obligations Law § 5-703 [2]). Plaintiff opposed the cross motion

on the ground that those defendants are equitably estopped from invoking the Statute of Frauds or General Obligations Law § 15-301 because plaintiff relied to its detriment upon DRT's representation that the parties had a binding agreement for the sale of the property.

Supreme Court erred in denying the cross motion. DRT and W.R.S.B. presented proof establishing their defenses sufficiently to warrant judgment in their favor as a matter of law (*see*, CPLR 3212 [b]), and plaintiff failed to raise a triable issue of fact whether those defendants are equitably estopped from relying upon their defenses.

Equitable estoppel "should be applied with great caution when dealing with realty" (*Huggins v Castle Estates*, 36 NY2d 427, 433; *accord, Bergner v Kick*, 85 AD2d 911, 912, *affd* 56 NY2d 795). To avoid the operation of the Statute of Frauds or General Obligations Law § 15-301, plaintiff must demonstrate that it justifiably relied to its detriment upon DRT's alleged oral representations that an agreement remained in effect (*see, Chadirjian v Kanian*, 123 AD2d 596, 597). Any reliance upon those alleged representations would not have been justified, however, in light of the express provisions in the agreement that it may not be modified except through a signed writing (*see, Bank of N. Y. v Spring Glen Assocs.*, 222 AD2d 992, 994-995; *Greenbaum v Weinstein*, 131 AD2d 430, 432; *Chadirjian v Kanian, supra*, at 597). DRT's delay in returning plaintiff's deposit is insufficient to support plaintiff's claim of detrimental reliance (*see, Papakostas v Harkins*, 168 AD2d 547, 548; *Goldman v Beekman Hill House Apt.*, 121 AD2d 908, 910). Finally, "[n]othing that occurred in the situation at issue would render it unconscionable to enforce the Statute of Frauds" or General Obligations Law § 15-301 (*American Bartenders School v 105 Madison Co.*, 91 AD2d 901, 902, *affd* 59 NY2d 716; *see, Greenbaum v Weinstein, supra*, at 432; *Ginsberg v Fairfield-Noble Corp.*, 81 AD2d 318, 320-321). Thus, we grant the cross motion of DRT and W.R.S.B. for summary judgment dismissing the amended complaints.

Plaintiff's action against the remaining defendants does not survive the dismissal of the amended complaints against DRT and W.R.S.B. We therefore grant summary judgment dismissing the amended complaint in action No. 2 against the nonmoving defendants, Wegmans and Dayton Hudson (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110). (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.