■ Bobbie J. Ell et al., Appellants-Respondents, v S.E.T. Landscape Design, Inc., et al., Respondents, and LESCO, Inc., Respondent-Appellant. [729 NYS2d 515] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated January 31, 2000, as granted those branches of the separate motions of the defendants which were for summary judgment dismissing the complaint insofar as asserted against them, and the defendant LESCO, Inc., cross-appeals from so much of the same order as failed to address its Federal preemption claim.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the defendant LESCO, Inc., is not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is modified by deleting the provisions thereof granting those branches of the separate motions of the defendants Glenn Nixon and S.E.T. Landscape Design, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor provisions denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

There is an issue of fact as to whether the defendant Glenn Nixon negligently applied a herbicide to the plaintiffs' lawn. The plaintiffs' motion papers alleged that (1) each of the plaintiffs suffered personal injury following the defendant Nixon's application of Turflon II to their lawn and no other factors intervened which would have caused the injuries; (2) the label on the Turflon II container warned against applying the product in a way that it would contact persons through drift; (3) the plaintiff Bobbie J. Ell observed the chemical coming out of the hose in a "mist"; (4) an expert opined that the defendant Nixon allowed the chemical to drift into the plaintiffs' home by

using excessive air pressure which caused the chemical to atomize and break into small airborne particles which drifted into the plaintiffs' home, and if it had been properly applied there would have been no drift; and (5) the plaintiffs' inhalation and ingestion of the chemical resulted in symptoms consistent with poisoning from the active ingredient sprayed by the defendant Nixon and no other possible cause of the injuries was stated. Thus, the Supreme Court erred in granting that branch of the motion of the defendant Nixon which was for summary judgment dismissing the complaint insofar as asserted against him.

Furthermore, summary judgment dismissing the complaint insofar as asserted against Nixon's employer, the defendant S.E.T. Landscape Design, Inc., should not have been granted since questions of fact exist as to whether Nixon was acting within the scope of his employment when he applied the chemical to the plaintiffs' lawn (*see, Zuckerman v City of New York,* 49 NY2d 557).

The cross appeal by the defendant LESCO, Inc., must be dismissed, as that defendant is not aggrieved by the order appealed from since it obtained all the relief it sought, i.e., summary judgment dismissing the complaint insofar as asserted against it (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). We note, however, that although not specifically set forth as a reason for the Supreme Court's grant of summary judgment in favor of that defendant, the Federal Insecticide, Fungicide, and Rodenticide Act (7 USC § 136 *et seq.*) preempts the plaintiffs and the codefendants' claims against LESCO, Inc. (*see, Warner v American Fluoride Corp.,* 204 AD2d 1, 12). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.