■ PROTECTION INDUSTRIES CORP., Appellant, v DDB NEEDHAM WORLDWIDE, INC., Respondent. [763 NYS2d 546] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered September 5, 2002, and order, same court and Justice, entered August 7, 2002, which granted defendant's motion for partial summary judgment dismissing the first, second, fourth, and fifth causes of action and denied plaintiff's cross motion for partial summary judgment on the first, third, fourth, and fifth causes of action and dismissing defendant's counterclaim, unanimously modified, on the law, to grant plaintiff's cross motion insofar as to dismiss defendant's counterclaim, and otherwise affirmed, without costs.

The motion court properly found that General Obligations Law §§ 5-901 and 5-903 render the automatic renewal clause in the parties' contract unenforceable. Thus, even though defendant made payments after the June 7, 1999 termination date, the June 7, 1991 contract was not renewed for another eight years (see e.g. Concourse Nursing Home v Axiom Funding

*Group,* 279 AD2d 271 [2001]; *and see Peerless Towel Supply Co. v Triton Press,* 3 AD2d 249, 250-251 [1957]), and the court properly granted defendant's motion for summary judgment as to the first, fourth, and fifth causes of action.

The second cause of action differs from the first, fourth, and fifth causes of action in that it does not depend on renewal of the June 7, 1991 contract. On the contrary, plaintiff alleges that, on or about February 14, 2000, the parties reached an independent agreement whereby defendant would pay an additional $950 per quarter for certain alarms that had not been covered by the original contract. However, defendant denied these allegations, and since the record is devoid of any proof of the existence of the alleged agreement summary judgment dismissing the second cause of action was proper.

The motion court properly denied plaintiff's cross motion for partial summary judgment as to the third cause of action. Since the June 7, 1991 contract was not renewed, paragraph 11 (A) of the contract does not apply. To be sure, plaintiff is entitled to remove its equipment upon termination of the contract, but paragraph 10, unlike paragraph 11 (A), does not permit plaintiff to elect to recover the value of its equipment. (Because defendant does not automatically owe plaintiff the value of the equipment, plaintiff's argument that it is entitled to late fees and attorneys' fees even if the June 7, 1991 contract was not renewed is unavailing.) Of course, defendant had no right to damage or destroy plaintiff's equipment, but the original complaint does not refer to this, nor does it assert a claim for conversion.

The IAS court should have dismissed defendant's counterclaim (*see Concourse Nursing Home, supra*). Concur—Buckley, P.J., Tom, Sullivan and Marlow, JJ.