■ LUDL ELECTRONICS PRODUCTS, LTD., Appellant, v WELLS FARGO FINANCIAL LEASING, INC., Respondent. [775 NYS2d 59]—

In an action, inter alia, to recover damages for deceptive business practices and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 15, 2003, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The complaint did not state a cause of action alleging deceptive business practices in violation of General Business Law § 349. The plaintiff alleged that the defendant engaged in a deceptive business practice by including an automatic renewal

provision in the parties' lease for business equipment. The elements of a cause of action to recover damages for deceptive business practices under General Business Law § 349 are that the challenged act or practice was a consumer-oriented act or practice that is misleading in a material way, and caused injury to the plaintiff (*see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]). Here, the act complained of is not consumer-oriented within the meaning of General Business Law § 349 (*see Citipostal, Inc. v Unistar Leasing*, 283 AD2 916 [2001]; *cf. Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26 [1995]). The acts complained of are limited to business rather than consumer leases, and the conduct complained of did not carry over to consumer transactions (*see id.*). Further, because the conduct complained of is specifically provided for by the parties' lease and thus was fully disclosed, such conduct is not a deceptive business practice within the meaning of General Business Law § 349 (a) (*see id.*).

The cause of action alleging a violation of General Obligations Law § 5-901 was also properly dismissed. The plaintiff, having continued its beneficial use of the equipment leased from the defendant beyond the term of the governing lease, was not entitled, pursuant to General Obligations Law § 5-901, to recover lease payments it made for the equipment during the periods of use subsequent to the termination of the applicable lease (*see Concourse Nursing Home v Axiom Funding Group*, 279 AD2d 271 [2001]). Although in view of the defendant's failure to comply with General Obligations Law § 5-901, the subject leases were never effectively renewed for a definite term and could have been cancelled at any time, General Obligations Law § 5-901 does not entitle the plaintiff to knowingly and willingly continue to accept the benefit of the leased equipment without compensating the defendant lessor (*see Concourse Nursing Home v Axiom Funding Group, supra*).

The plaintiff's remaining contentions either are without merit or academic in light of our determination. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.