■ GRACE D. PRESCOTT et al., Appellants, v WILLADEAN TURNER et al., Defendants, and INTERBORO FUNERAL HOME, INC., et al., Respondents. [792 NYS2d 80]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 3, 2003, as granted that branch of the motion of the defendants Interboro Funeral Home, Inc., and Manuel Faust which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Interboro Funeral Home, Inc., and Manuel Faust is denied, and the complaint insofar as asserted against those defendants is reinstated.

The defendant Willadean W. Turner Funeral Service, Inc., was retained to provide services for the funeral of Brinell Prescott. The defendant Willadean Turner, the sole shareholder of Willadean W. Turner Funeral Service, Inc., alleged that she retained the defendant Manuel Faust, owner of the defendant Interboro Funeral Home, Inc. (hereinafter Interboro), to pick up the body, embalm it, and transport it to a church designated by the plaintiffs, where the funeral service was to take place. At around the same time, the defendant Willadean W. Turner Funeral Service, Inc., was retained to provide funeral services for a Bernice Cassano. The defendant Turner alleged that she and the defendant Faust entered into a similar arrangement regarding the body of Bernice Cassano. The defendant Faust alleged that he was responsible only for picking up the bodies, embalming them, and dressing them.

The body of Brinell Prescott was delivered to the funeral service of Bernice Cassano, and Brinell Prescott was interred in a plot designated for Bernice Cassano. As a result, the body of Brinell Prescott was later exhumed and identified by the Prescott family, who had to make other arrangements and delay the funeral.

The Supreme Court improperly granted that branch of the motion of Interboro and Faust which was for summary judgment dismissing the complaint insofar as asserted against them. Under the circumstances, a question of fact exists as to whether the plaintiffs were the intended third-party beneficiaries of the contract between the Turner and Faust (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38 [1985]; *Zucker v Kid Gloves*, 234 AD2d 598 [1996]; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448 [1988]). Moreover, a question of fact exists as to whether Interboro and Faust were negligent in allegedly unlawfully interfering with the plaintiffs' right to the possession of the body of Brinell Prescott for preservation and burial (*see Gostkowski v Roman Catholic Church*, 262 NY 320 [1933]; *Klumbach v Silver Mount Cemetery Assn.*, 242 App Div 843 [1934], *affd* 268 NY 525 [1935]; *Lott v State of New York*, 32 Misc 2d 296, 297-298 [1962]), and whether their negligence, if any, was a proximate cause of the plaintiffs' injuries (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.