■ WILLIAM GUERRERO et al., Appellants, v WEST 23RD STREET REALTY, LLC, et al., Respondents. [846 NYS2d 41]—

Judgment, Supreme Court, New York County (Jane S. Solo-

mon, J.), entered January 25, 2007, dismissing the complaint, unanimously affirmed, without costs.

The causes of action for breach of contract were properly dismissed on defendants' CPLR 3211 motion. Even assuming that the agreement for building management services was modified either orally or by the parties' conduct, the modification, which would have permitted automatic renewal for consecutive one-year periods unless terminated by either party upon 60 days' notice prior to the expiration of the term of the agreement, is rendered unenforceable by General Obligations Law § 5-903 (see *Harris v Adams & Co. Real Estate*, 62 Misc 2d 749, 753 [1970]).

The claim for equitable estoppel was also properly dismissed. To the extent that this claim is based on the alleged renewal of the agreements, it is duplicative of the breach of contract causes of action (see *William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]). To the extent that it is based on the expenditures plaintiffs made in preparation for signing a lease, the claim fails because the lease agreement apparently was never reduced to writing (see *Youz Films v Just Born, Inc.*, 69 AD2d 778 [1979] ["the alleged reliance on the oral agreement is no more than the usual situation of parties who orally agree on a deal, intending that there shall be a written contract, and then at the point of signing, one of the parties backs out"]).

We have considered plaintiffs' additional arguments and find them unavailing. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.