■ PARIMIST FUNDING CORP., Appellant-Respondent, v SUFFOLK VASCULAR ASSOCIATES, PLLC, et al., Respondents-Appellants. [880 NYS2d 121]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 30, 2008, as denied its motion for summary judgment on the complaint and granted the defendants' separate cross motions for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Suffolk Vascular Associates, PLLC, and Robert Pollina, and the defendant Paul Van Bemmelen, separately cross-appeal from the same order.

Ordered that the cross appeals are dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The Supreme Court properly found that General Obligations Law § 5-901 renders the automatic renewal clauses in the parties' contracts unenforceable (*see Ludl Elecs. Prods. v Wells Fargo Fin. Leasing,* 6 AD3d 397 [2004]; *Concourse Nursing Home v Axiom Funding Group,* 279 AD2d 271 [2001]). Accordingly, the Supreme Court properly granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the causes of action sounding in breach of contract insofar as asserted against them (*see Protection Indus. Corp. v DDB Needham Worldwide,* 306 AD2d 175 [2003]; *Peerless Towel Supply Co. v Triton Press,* 3 AD2d 249, 250-251 [1957]). Additionally, the Supreme Court properly granted those branches of the defendants' cross motions which were for summary judgment dismissing the cause of action based on certain personal guaranties insofar as asserted against them (*see Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC,* 30 AD3d 1, 10 [2006], *affd* 8 NY3d 59 [2006]; *Brewster Tr. Mix Corp. v McLean,* 169 AD2d 1036 [1991]).

The cross appeals must be dismissed, as the defendants are not aggrieved by the order cross-appealed from, since they obtained all the relief they sought, i.e., summary judgment dismissing the complaint insofar as asserted against them (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 545 [1983]; *Ell v S.E.T. Landscape Design,* 286 AD2d 414 [2001]; *Schadoff v Russ,* 278 AD2d 222 [2000]). Although the defendants' arguments raised on the cross appeals can be

considered as alternative grounds for affirmance (*see* CPLR 5211; *Rael Automatic Sprinkler Co., Inc. v Schaefer Agency,* 52 AD3d 670 [2008]), in light of our determination on the appeal, the arguments have been rendered academic (*see Schramm v Cold Spring Harbor Lab.,* 17 AD3d 661 [2005]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Belen and Hall, JJ., concur. [*See* 18 Misc 3d 1131(A), 2008 NY Slip Op 50255(U).]