■ Bruce Ovitz, Respondent, v Bloomberg L.P., et al., Appellants. [909 NYS2d 710]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered October 7, 2009, which, to the extent appealed from, denied so much of defendants' motion to dismiss the first, fifth and sixth causes of action, unanimously reversed, on the law, without costs, the motion granted in its entirety, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

In this putative class action, accepting as true the facts alleged in the complaint (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we hold the automatic renewal provision of the agreement between plaintiff and defendants was both "inoperative"

(General Obligations Law § 5-901) and "unenforceable" (§ 5-903), since defendants failed to provide the requisite notice to plaintiff that the two-year subscription term was to be automatically renewed (*see Guerrero v West 23rd St. Realty, LLC*, 45 AD3d 403 [2007], *lv denied* 10 NY3d 707 [2008]; *Protection Indus. Corp. v DDB Needham Worldwide*, 306 AD2d 175 [2003]). As such, the agreement was never effectively renewed for a definite term and could have been canceled by plaintiff at any time (*see Concourse Nursing Home v Axiom Funding Group*, 279 AD2d 271 [2001]).

However, dismissal of the claims based on General Obligations Law §§ 5-901 and 5-903 is warranted since plaintiff makes no allegations that he paid for services he did not receive (*see Ludl Elecs. Prods. v Wells Fargo Fin. Leasing*, 6 AD3d 397, 398 [2004], *lv denied* 3 NY3d 603 [2004]; *Concourse Nursing Home v Axiom Funding Group*, 279 AD2d 271 [2001] [although subject equipment leases were never renewed because lessor failed to comply with General Obligations Law § 5-901, lessee, who continued using the equipment after the leases terminated, was not entitled to recover rent for post-termination period]). To the extent plaintiff seeks damages for defendants' alleged breach of these statutes, a private right of action is not expressly created by the language of the statutes and a legislative intent to create such a right of action is not fairly implied in the statutory provisions and their legislative history (*see e.g. Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207, 211 [1990]).

The complaint also fails to state a cause of action under General Business Law § 349. Plaintiff, a resident of Illinois, was not deceived in New York State (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 325 [2002]). Nor did plaintiff allege actual injury resulting from the alleged deceptive practices, since defendants did not commence enforcement proceedings against plaintiff and are not seeking to collect fees or payments from plaintiff in connection with the cancellation of his subscription (*see Han v Hertz Corp.*, 12 AD3d 195 [2004]).

Furthermore, declaratory and injunctive relief is unwarranted in this case, since no justiciable controversy remains to support the claim for declaratory relief (*see Spitzer v Schussel*, 48 AD3d 233, 234 [2008]). Concur—Andrias, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ. **[Prior Case History: 2009 NY Slip Op 32397(U).]**