■ Floyd W. Henderson et al., Appellants, v Kingsbrook Jewish Medical Center, Respondent. [936 NYS2d 318]—

The plaintiffs are the children of Leroy Henderson (hereinafter the decedent), who died at the Kingsbrook Jewish Medical Center (hereinafter the defendant), on March 6, 2010. The complaint alleges, inter alia, that the defendant failed to release the decedent's body to the funeral home the plaintiffs chose until March 9, 2010, despite their inquiries and efforts to obtain an earlier release. The defendant moved, among other things, to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). The Supreme Court granted the motion without explanation. The plaintiffs appeal from so much of the order as granted that branch of the motion which was to dismiss the cause of action alleging a violation of the plaintiffs' right of sepulcher. We reverse the order insofar as appealed from.

As recently stated by this Court in the case of *Shipley v City of New York* (80 AD3d 171, 177 [2010]): "New York's jurisprudence has long recognized the interest of a decedent's next of kin in the remains of their decedent, and infringement upon that interest repeatedly has been acknowledged to be actionable (*see Johnson v State of New York*, 37 NY2d 378, 382 [1975]; *Darcy v Presbyterian Hosp. in City of N.Y.*, 202 NY 259, 262-265 [1911]; *Wainwright v New York City Health & Hosps. Corp.*, 61 AD3d 851, 852 [2009]; *Estate of LaMore v Sumner*, 46 AD3d 1262, 1264 [2007]; *Prescott v Turner*, 15 AD3d 557, 558 [2005]). As frequently formulated in case law, 'the common-law right of sepulcher gives the next of kin the absolute right to the immediate possession of a decedent's body for preservation and burial, and . . . damages will be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body' (*Melfi v Mount Sinai Hosp.*, 64 AD3d 26,

31 [2009]; *see Darcy v Presbyterian Hosp.*, 202 NY at 262; *Nesbit v Turner*, 15 AD3d 552, 553 [2005]; *Estate of Scheuer v City of New York*, 10 AD3d 272, 274-275 [2004]; *Booth v Huff*, 273 AD2d 576, 577 [2000]; *Lott v State of New York*, 32 Misc 2d 296, 297-298 [1962]). The right of sepulcher is deeply rooted in many religious traditions (*see Melfi v Mount Sinai Hosp.*, 64 AD3d at 32-36) . . . [and a] claim based on a violation of the right is designed to compensate the next of kin for the emotional suffering and mental anguish which they experience from the interference with their ability to properly bury their decedent (*see Melfi v Mount Sinai Hosp.*, 64 AD3d at 32, 36-37; *Bambrick v Booth Mem. Med. Ctr.*, 190 AD2d [646,] 647 [1993])." In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). In addition, the pleading is to be "afforded a liberal construction" (*Sarva v Self Help Community Servs., Inc.*, 73 AD3d 1155, 1155 [2010]).

Here, the complaint states a cause of action alleging a violation of the plaintiffs' right of sepulcher, since the facts stated therein allege that the defendant interfered with the plaintiffs' "absolute right to the immediate possession of a decedent's body for preservation and burial" (*Melfi v Mount Sinai Hosp.*, 64 AD3d 26, 31 [2009]). Although the delay in releasing the decedent's body was not inordinate and may ultimately be determined to have been reasonable and proper under all of the circumstances, "[w]hether [the] plaintiff can ultimately establish [his] allegations is not part of the calculus in determining a motion to dismiss [made pursuant to CPLR 3211 (a) (7)]" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Ginsburg Dev. Cos., LLC v Carbone*, 85 AD3d 1110, 1111 [2011]).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging a violation of the plaintiffs' right of sepulcher. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.