658

**Vescon Construction, Inc.**, Individually and on Behalf of All Others Similarly Situated, Appellant, v **Gerelli Insurance Agency, Inc.**, Defendant, and **Utica First Insurance Company**, Respondent. [948 NYS2d 636]—

The defendant Utica First Insurance Company (hereinafter Utica First), issued a general liability insurance policy to the plaintiff, Vescon Construction, Inc. (hereinafter Vescon), which contained an exclusion for bodily injury to an employee of an insured if it occurred in the course of employment. A Vescon employee was injured in the course of his employment at a construction project, and the employee commenced an action against Volmar Construction, Inc. (hereinafter Volmar), the general contractor for the project. Volmar then commenced a third-party action against Vescon, a subcontractor on the project, seeking, inter alia, indemnification.

Vescon had requested that Utica First defend and indemnify Volmar in the underlying personal injury action pursuant to the blanket additional insured endorsement in the subject policy. After Utica First denied Vescon's request, Vescon commenced this action against, among others, Utica First, inter alia, to recover damages for unjust enrichment and for a violation of General Business Law § 349. In an order dated July 5, 2011, the Supreme Court granted that branch of Utica First's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

"In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Henderson v Kingsbrook Jewish Med. Ctr.*, 91 AD3d 720, 721 [2012], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Applying these principles here, the complaint failed to state a viable cause of action against Utica First to recover damages for a violation of General Business Law § 349. "The elements of a cause of action to recover damages for deceptive business practices under General Business Law § 349 are that the challenged act or practice was a consumer-oriented act or practice that is misleading in a material way, and caused injury to the plaintiff" (*Ludl Elecs. Prods. v Wells Fargo Fin. Leasing*, 6 AD3d 397, 398 [2004]; *see Wilner v Allstate Ins. Co.*, 71 AD3d 155, 161-162 [2010]; *Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992, 994 [2008]). Here, the conduct complained of is not consumer-oriented within the meaning of General Business Law § 349 (*see Ludl Elecs. Prods. v Wells Fargo Fin. Leasing*, 6 AD3d at 398). Rather, "[t]hese allegations, liberally construed, at best show a private contract dispute over policy coverage and the processing of [Vescon's] claims, not conduct affecting the consuming public at large, and thus do not state a cause of action under section 349" (*Continental Cas. Co. v Nationwide Indem. Co.*, 16 AD3d 353, 354 [2005]).

Further, the cause of action to recover damages for unjust enrichment is a quasi-contract claim, and therefore, is not viable against Utica First where, as here, the parties entered into an express agreement (*see Shovak v Long Is. Commercial Bank*, 50 AD3d 1118, 1120 [2008]; *Morales v Grand Cru Assoc.*, 305 AD2d 647, 647 [2003]).

Accordingly, the Supreme Court properly granted that branch of Utica First's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.