# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1144**

**CA 13-00514**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

EVIE SHEPHERD, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WHITESTAR DEVELOPMENT CORP., ONE NIAGARA, LLC,
ONE NIAGARA CENTER INC., ALLIED WASTE SERVICES
OF NORTH AMERICA, LLC, ALLIED WASTE SERVICES
OF BUFFALO, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

WEBSTER SZANYI LLP, BUFFALO (CHARLES E. GRANEY OF COUNSEL), FOR
DEFENDANTS-APPELLANTS ALLIED WASTE SERVICES OF NORTH AMERICA, LLC AND
ALLIED WASTE SERVICES OF BUFFALO.

COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (MAUREEN G. FATCHERIC OF
COUNSEL), FOR DEFENDANTS-APPELLANTS ONE NIAGARA, LLC AND ONE NIAGARA
CENTER INC.

MACKENZIE HUGHES, LLP, SYRACUSE (SAMANTHA L. MILLIER OF COUNSEL), FOR
DEFENDANT-APPELLANT WHITESTAR DEVELOPMENT CORP.

THE CAREY FIRM, LLC, GRAND ISLAND (DALE J. BAUMAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------

Appeals from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered July 24, 2012. The order denied in
part the motions of defendants Whitestar Development Corp., One
Niagara, LLC, and One Niagara Center Inc. for summary judgment
dismissing the complaint against them and denied the motion of Allied
Waste Services of North America, LLC and Allied Waste Services of
Buffalo for summary judgment dismissing the complaint against them in
its entirety.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting those parts of the motions
of defendants-appellants for summary judgment dismissing the complaint
against them insofar as it asserts claims for negligent infliction of
emotional distress in the second and third causes of action and as
modified the order is affirmed without costs.

Memorandum: Plaintiff's brother (decedent) was employed by
defendant Whitestar Development Corp. (Whitestar) as a custodian at
the One Niagara building in Niagara Falls. Defendant One Niagara, LLC
owned the property, Whitestar managed the property, and defendants

Allied Waste Services of North America, LLC and Allied Waste Services of Buffalo (collectively, Allied defendants) maintained a trash compactor/dumpster on the property.  Decedent was last seen at work on July 4, 2010, and it was ultimately determined that he had been crushed to death after falling into the trash compactor provided by the Allied defendants.  No body was recovered.  Decedent was survived by plaintiff and six adult children.

Plaintiff subsequently commenced this action asserting, inter alia, the "depriv[ation] of . . . funeral and burial" rights.  Defendants One Niagara, LLC and One Niagara Center Inc. (collectively, One Niagara defendants) and Whitestar moved for summary judgment dismissing the two causes of action against them, for their interference with plaintiff's right of sepulcher and infliction of emotional distress based on their negligent investigation and their negligence in allowing a dangerous condition to exist on their property.  The Allied defendants moved for summary judgment dismissing the single cause of action asserted against them, for their interference with plaintiff's right of sepulcher and infliction of emotional distress based on their negligence with respect to their trash compactor.  Supreme Court granted the motions of the One Niagara defendants and Whitestar only with respect to the cause of action for negligent investigation and denied the motion of the Allied defendants.  We conclude that the court should have granted the motions insofar as plaintiff asserts separate claims for negligent infliction of emotional distress against defendants-appellants (hereafter, defendants) apart from the claims for loss of sepulcher, and we therefore modify the order accordingly.

Contrary to defendants' contentions, the court properly denied those parts of their motions with respect to the second and third causes of action insofar as they assert claims for loss of sepulcher. "It is well established that the common-law right of sepulcher gives the next of kin the absolute right to the immediate possession of a decedent's body for preservation and burial, and that damages will be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (*Melfi v Mount Sinai Hosp.*, 64 AD3d 26, 31; *see Darcy v Presbyt. Hosp. in City of N.Y.*, 202 NY 259, 262-263, *rearg denied* 203 NY 547).  "To establish a cause of action for interference with the right of sepulcher, plaintiff must establish that:  (1) plaintiff is the decedent's next of kin; (2) plaintiff had a right to possession of the remains; (3) defendant interfered with plaintiff's right to immediate possession of the decedent's body; (4) the interference was unauthorized; (5) plaintiff was aware of the interference; and (6) the interference caused plaintiff mental anguish, which is generally presumed" (2 NY PJI2d 3:6 at 76-77 [2013]).

Here, in support of their motions for summary judgment, defendants had the burden of establishing that someone with a valid claim for loss of sepulcher had priority over plaintiff, decedent's sister.  Indeed, we note in particular the distinction between standing and priority in this context.  The issue in this case with respect to the claim for loss of sepulcher is one of priority, not one

of standing.  Standing is defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right" (Black's Law Dictionary 1536 [9th ed 2009]), and there is no question that plaintiff has standing pursuant to Public Health Law § 4201 (2) (a) (v), along with decedent's surviving adult children (*see* § 4201 [2] [a] [iii]), to control the disposition of decedent's remains.  The statute, however, also provides for priority, giving greater priority to surviving adult children than to surviving siblings to control the disposition of decedent's remains (*see id*.).  Public Health Law § 4201 (2) (b), in turn, provides for the transfer of priority with respect to the disposition of decedent's remains in the event that "a person designated to control the disposition of a decedent's remains . . . is not reasonably available, [is] unwilling or [is] not competent to serve."  Although it is undisputed that there are six surviving adult children of decedent, there is no indication in the record that the surviving children have sought to exercise their right to pursue a claim for loss of sepulcher relative to decedent's death and the disappearance of his body.  At trial the burden of proof will be on plaintiff to establish that she has priority, but here the burden is on defendants in the context of their motions for summary judgment to establish that there is no possibility that plaintiff has a right to possession of decedent's remains, and they failed to meet it (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We further conclude, however, that plaintiff failed to state a claim for negligent infliction of emotional distress independent of the emotional distress recoverable under a claim for loss of sepulcher (*see Henderson v Kingsbrook Jewish Med. Ctr.*, 91 AD3d 720, 721), which as noted presumes the existence of mental anguish (*see* 2 NY PJI2d 3:6 at 76-77).  Plaintiff failed to allege that she was " 'in imminent danger of physical harm at the time of [decedent's] accident,' and thus was . . . in the zone of danger" (*Maracle v Curcio* [appeal No. 1], 24 AD3d 1233, 1235, *lv denied* 7 NY3d 703).  Nor did plaintiff allege that any conduct by defendants breached a duty to her that "unreasonably endanger[ed her] physical safety or cause[d her] to fear for . . . her physical safety" (*Passucci v Home Depot, Inc.*, 67 AD3d 1470, 1471 [internal quotation marks omitted]).

Entered:  January 3, 2014                           Frances E. Cafarell
                                                   Clerk of the Court