■ FREDERICK WALZ, Appellant, v. SHEPARD Z. BAUM, as Chief of Kosher Law Enforcement of the New York State Department of Agriculture and Markets, et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered in Albany County on March 21, 1973, which denied plaintiff's motion for summary judgment and granted the cross motion of the defendants dismissing the complaint. The complaint seeks injunctive relief alleging that the defendants as State officials participate in allegedly cruel and inhumane methods of handling animals preparatory to slaughtering. Special Term found that the plaintiff in his suit as a citizen and attorney-at-law lacked

standing. This is the primary issue upon the appeal. The complaint specifies that the activities alleged are in violation of sections 353 and 359 — (cruelty to animals) — of article 26 of the Agriculture and Markets Law. Section 371 of article 26 expressly mandates that constables and police officers are to enforce the article 26 provisions and section 372 provides for a search for violations to be had upon any sworn complaint setting forth " just and reasonable cause to suspect " article 26 is being violated. In view of the relief available pursuant to article 26 it appears that a citizen has ample remedies to protect against violations of the statute without resort to injunctive relief, whether the violators be public officials or ordinary citizens. It does not appear from the provisions of the Agriculture and Markets Law that the defendants have any special duty in regard to enforcing the provisions of article 26 or any power to suspend such provisions and, accordingly, the provisions of article 78 of the CPLR would not give any right to relief. As noted by Special Term, the plaintiff has shown no personal or property rights of his at stake. In the present proceeding the plaintiff has failed to demonstrate standing as a citizen and taxpayer to enforce the provisions of said article 26 and, further, has failed to demonstrate a reasonable basis for equitable relief in view of the procedure set forth in section 372 of article 26. (See *Schieffelin* v. *Komfort*, 212 N. Y. 520; *Matter of Donohue* v. *Cornelius*, 17 N Y 2d 390, 396–398.) Order affirmed, without costs.

Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.