[803 NE2d 766, 771 NYS2d 493]

Jon H. Hammer, Appellant, v American Kennel Club et al., Respondents.

Argued November 19, 2003; decided December 23, 2003

**POINTS OF COUNSEL**

*Joseph P. Foley,* Irvington, *Jon H. Hammer,* New York City, and *Leslie K. Anker* for appellant. I. The Appellate Division erred in holding that plaintiff could not maintain a private cause of action based upon section 353 of the Agriculture and Markets Law. (*Abounader v Strohmeyer & Arpe Co.,* 243 NY 458; *Carrier v Salvation Army,* 88 NY2d 298; *Stoganovic v Dinolfo,* 92 AD2d 729; *Larson v Albany Med. Ctr.,* 173 Misc 2d 508, 252 AD2d 936; *Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.,* 76 NY2d 207; *Sheehy v Big Flats Community Day,* 73 NY2d 629.) II. The Appellate Division erred in holding plaintiff was not entitled to declaratory judgment and injunctive relief against these defendants. (*Matter of Saunders v State of New York,* 129 Misc 2d 45; *Dun & Bradstreet v City of New York,* 276 NY 198; *Aerated Prods. Co. v Godfrey,* 263 App Div 685, 290 NY 92; *New York Foreign Trade Zone Operators v State Liq. Auth.,* 285 NY 272; *Bunis v Conway,* 17 AD2d 207, 1036, 12 NY2d 645; *De Veau v Braisted,* 5 AD2d 603, 5 NY2d 236, 363 US 144.) III. Canine tail docking for cosmetic purposes is a clear violation of New York State criminal law. (*People v Keyes,* 75 NY2d 343; *People v Voelker,* 172 Misc 2d 564; *Bunis v Conway,* 17 AD2d 207.) IV. The courts may intervene in the public procedure of a private not-for-profit monopoly enterprise. (*Simons v Berry,* 240 NY 463; *Martin v PGA Tour, Inc.,* 994 F Supp 1242; *Crouch v National Assn. for Stock Car Auto Racing, Inc.,* 845 F2d 397; *Thompson v Knights of Maccabees,* 189 NY 294; *Steinberg v Goldstein,* 51 Misc 2d 825, 27 AD2d 955.)

*Seward & Kissel, LLP,* New York City (*Dale C. Christensen, Jr., John J. Galban* and *Jonathan D. Matkowsky* of counsel), for American Kennel Club, Inc., respondent. I. The Appellate Division correctly concluded that section 353 of the Agriculture and Markets Law does not expressly or impliedly authorize civil remedies for its alleged violation. (*Carrier v Salvation Army,* 88 NY2d 298; *Stoganovic v Dinolfo,* 92 AD2d 729, 61 NY2d 812; *Larson v Albany Med. Ctr.,* 173 Misc 2d 508, 252 AD2d 936; *Gomariz v Foote, Cone & Belding Communications,* 228 AD2d 316; *Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.,* 76 NY2d 207; *Jones v Beame,* 56 AD2d 778, 45 NY2d 402; *Walz v Baum,* 42 AD2d 643, 33 NY2d 517; *People v Bunt,* 118 Misc 2d

904; *People v Arcidicono,* 75 Misc 2d 294, 79 Misc 2d 242; *Sheehy v Big Flats Community Day,* 73 NY2d 629.) II. The Appellate Division correctly concluded that plaintiff failed to state a claim for unlawful discrimination or "arbitrary and capricious" conduct. (*Dunn v Fishbein,* 123 AD2d 659; *Schneider v Ambach,* 135 AD2d 284; *McGovern v Local 456, Intl. Bhd. of Teamsters, Chauffeurs & Warehousemen & Helpers of Am., AFL-CIO,* 107 F Supp 2d 311.) III. The Appellate Division correctly concluded that any declaration as to plaintiff's potential criminal liability under section 353 of the Agriculture and Markets Law would be purely advisory. (*DiCanio v Incorporated Vil. of Nissequogue,* 189 AD2d 223; *Matter of Saunders v State of New York,* 129 Misc 2d 45; *Pokoik v Village of Ocean Beach,* 184 AD2d 499; *Reed v Littleton,* 275 NY 150; *New York Foreign Trade Zone Operators v State Liq. Auth.,* 285 NY 272; *Dun & Bradstreet v City of New York,* 276 NY 198; *People v Voelker,* 172 Misc 2d 564; *People v Bunt,* 118 Misc 2d 904; *Bunis v Conway,* 17 AD2d 207; *De Veau v Braisted,* 5 AD2d 603, 5 NY2d 236.) IV. Contrary to plaintiff's contention, the Appellate Division misinterpreted the rule of judicial noninterference in the internal governance of private organizations. (*Lafond v Deems,* 81 NY 507; *Thornton v American Kennel Club,* 182 AD2d 358; *Matter of Gilheany v Civil Serv. Empls. Assn.,* 59 AD2d 834; *New York State Soccer Football Assn. v United States Soccer Football Assn.,* 18 Misc 2d 112; *Hatley v American Quarter Horse Assn.,* 552 F2d 646; *Jackson v American Yorkshire Club,* 340 F Supp 628; *People v Rogers,* 183 Misc 2d 538; *Crouch v National Assn. for Stock Car Auto Racing, Inc.,* 845 F2d 397.) V. The dissent erred in concluding that the amended complaint states a cause of action based on the alleged denial of privileges of membership in the American Kennel Club. (*Thompson v Knights of Maccabees,* 189 NY 294; *Steinberg v Goldstein,* 51 Misc 2d 825, 27 AD2d 955; *Matter of Henry v American Kennel Club,* 269 App Div 1; *Simons v Berry,* 240 NY 463; *People v Voelker,* 172 Misc 2d 564.)

*Hartman & Craven LLP,* New York City (*Debra I. Resnick* of counsel), for Brittany Club of America, respondent. I. The Appellate Division correctly determined that appellant has no standing or a right to a judicial declaration that tail docking violates section 353 of the Agriculture and Markets Law. (*Stoganovic v Dinolfo,* 92 AD2d 729, 61 NY2d 812; *Mark G. v Sabol,* 93 NY2d 710; *Carrier v Salvation Army,* 88 NY2d 298; *Sheehy v Big Flats Community Day,* 73 NY2d 629; *Larson v Albany Med. Ctr.,* 173 Misc 2d 508, 252 AD2d 936; *People v Arcidicono,* 75 Misc 2d 294, 79 Misc 2d 242; *Hoxie's Painting Co. v Cato-*

*Meridian Cent. School Dist.,* 76 NY2d 207; *County of Albany v American Socy. for Prevention of Cruelty to Animals,* 112 Misc 2d 829; *Walz v Baum,* 42 AD2d 643, 33 NY2d 517; *Jones v Beame,* 56 AD2d 778, 45 NY2d 402.) II. The Appellate Division correctly determined that appellant failed to state a claim that the Brittany tail standard is discriminatory or that respondent's conduct was arbitrary and capricious. (*Dunn v Fishbein,* 123 AD2d 659; *Mason v American Theatre Wing,* 165 Misc 2d 432; *Silver v Equitable Life Assur. Socy. of U.S.,* 168 AD2d 367; *Bogan v New London Hous. Auth.,* 366 F Supp 861; *Miramax Films Corp. v Motion Picture Assn. of Am.,* 148 Misc 2d 1.) III. The Appellate Division correctly concluded that any declaration as to potential criminal liability under section 353 of the Agriculture and Markets Law would be purely advisory. (*DiCanio v Incorporated Vil. of Nissequogue,* 189 AD2d 223; *Pokoik v Village of Ocean Beach,* 184 AD2d 499; *Reed v Littleton,* 275 NY 150; *New York Foreign Trade Zone Operators v State Liq. Auth.,* 285 NY 272; *Dun & Bradstreet v City of New York,* 276 NY 198; *Bunis v Conway,* 17 AD2d 207; *De Veau v Braisted,* 5 AD2d 603; *People v Rogers,* 183 Misc 2d 538; *Jessup v American Kennel Club, Inc.,* 61 F Supp 2d 5, 531 US 1072; *People v Voelker,* 172 Misc 2d 564.) IV. The court should not become involved in the internal governance of the American Brittany Club. (*Freeman v Sports Car Club of Am., Inc.,* 51 F3d 1358; *Matter of Gerard v Section III of N.Y. State Pub. Athletic Assn.,* 210 AD2d 938; *Thornton v American Kennel Club,* 182 AD2d 358; *Matter of Caso v New York State Pub. High School Athletic Assn.,* 78 AD2d 41; *Crouch v National Assn. for Stock Car Auto Racing, Inc.,* 845 F2d 397; *Hatley v American Quarter Horse Assn.,* 552 F2d 646; *Jackson v American Yorkshire Club,* 340 F Supp 628; *Martin v PGA Tour, Inc.,* 994 F Supp 1242, 532 US 661; *Thompson v Knights of Maccabees,* 189 NY 294; *Steinberg v Goldstein,* 51 Misc 2d 825, 27 AD2d 955.) V. The amended complaint fails to state a cause of action based on the alleged denial of a privilege of membership in the American Brittany Club. (*People v Voelker,* 172 Misc 2d 564.)

*Kellner Chehebar & Deveney,* New York City (*Douglas A. Kellner* of counsel), for Labrador Retriever Club, Inc. and others, amici curiae. I. The Court should not change breed standards. II. The Court should avoid interference in the operations of private associations. (*Lafond v Deems,* 81 NY 507; *Crouch v National Assn. for Stock Car Auto Racing, Inc.,* 845 F2d 397; *Koszela v National Assn. of Stock Car Auto Racing, Inc.,* 646 F2d 749; *Mercury Bay Boating Club v San Diego Yacht Club,* 76

NY2d 256.) III. The Court should avoid interference with the constitutionally protected right of free association. (*National Assn. for Advancement of Colored People v Patterson,* 357 US 449; *National Assn. for Advancement of Colored People v Button,* 371 US 415; *Bates v City of Little Rock,* 361 US 516; *Boy Scouts of Am. v Dale,* 530 US 640; *Roberts v United States Jaycees,* 468 US 609; *Eu v San Francisco County Democratic Cent. Comm.,* 489 US 214; *Tashjian v Republican Party of Conn.,* 479 US 208.) IV. Tail docking is an accepted, legal practice. (*People v Rogers,* 183 Misc 2d 538.)

## OPINION OF THE COURT

GRAFFEO, J.

Plaintiff Jon H. Hammer is the owner of a purebred Brittany Spaniel dog with a 10-inch-long natural tail. Defendant American Kennel Club (AKC) sponsors competitions that utilize a breed standard promulgated by defendant American Brittany Club (ABC). The standard penalizes Brittany Spaniels with tails longer than four inches. The issue in this appeal is whether Agriculture and Markets Law § 353 grants plaintiff, who wishes to enter his dog and compete without penalty in breed contests, a private right of action to preclude defendants from using a standard that encourages him to "dock" his Brittany Spaniel's tail. Because we conclude that it would be inconsistent with the applicable legislative scheme to imply a private right of action in plaintiff's favor, we affirm the Appellate Division order dismissing the complaint.

Defendant ABC is the national parent club for Brittany Spaniels and is one of 148 different breed clubs affiliated with defendant AKC. As explained in AKC's official publication, "The Complete Dog Book," members of breed clubs vote to adopt particular standards, which are then submitted to the AKC for approval and use in AKC-sanctioned competitions, such as the Westminster Kennel Club show. According to defendants, these standards represent the "ideal" for each breed and establish guidelines for dog show judges, breeders and purchasers of purebred dogs.

Defendants' standard for Brittany Spaniels provides that dogs should be "[t]ailless to approximately four inches, natural or docked. The tail not to be so long as to affect the overall balance of the dog. . . . Any tail substantially more than four inches shall be severely penalized." Notably, unlike other deviations from the standards, such as height and coloration, a longer tail does not disqualify a dog from competition.

In 2001, plaintiff commenced this action against defendants for declaratory and injunctive relief. The gravamen of plaintiff's complaint is that the Brittany Spaniel breed standard encourages owners to violate Agriculture and Markets Law § 353, a penal statute prohibiting animal cruelty, because it is cruel to dock a dog's tail. Plaintiff claims that defendants discriminate against him by excluding him from meaningful participation in AKC competitions because he is unwilling to dock his dog's tail. He therefore seeks a declaration that the breed standard violates New York law and an injunction precluding defendants from using the allegedly illegal standard in judging breed competitions.

AKC and ABC moved separately to dismiss the action, arguing that plaintiff lacked standing to secure civil relief for the alleged violation of section 353. Supreme Court consolidated the motions and granted defendants relief, dismissing the complaint. The Appellate Division affirmed, with two Justices dissenting, and we now affirm.

Where a penal statute does not expressly confer a private right of action on individuals pursuing civil relief, recovery under such a statute "may be had only if a private right of action may fairly be implied" (*Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]; *see also Carrier v Salvation Army*, 88 NY2d 298, 302 [1996]). This inquiry entails consideration of three factors: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (*Carrier*, 88 NY2d at 302). In assessing whether a private right of action can be implied, we have acknowledged that

> "the Legislature has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves. Thus, regardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme" (*Sheehy*, 73 NY2d at 634-635; *see Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207, 212 [1990]).

Article 26 of the Agriculture and Markets Law regulates the treatment of animals and contains provisions previously codi-

fied in the former Penal Code, Penal Law and Code of Criminal Procedure. Plaintiff relies on section 353 of that article, which states that a person who "cruelly beats or unjustifiably injures, maims, mutilates or kills any animal" or permits such treatment of any animal is guilty of a misdemeanor, contending that this criminal statute also creates a civil private right of action.

■ The Legislature explicitly addressed the enforcement of animal protection statutes in two provisions. Section 371 of the Agriculture and Markets Law requires police officers and constables to enforce violations of article 26 and further authorizes "any agent or officer of any duly incorporated society for the prevention of cruelty to animals" to initiate a criminal proceeding. In addition, section 372 enables magistrates to issue search and arrest warrants "[u]pon complaint under oath . . . that the complainant has just and reasonable cause to suspect that any of the provisions of law relating to or in any wise affecting animals are being or about to be violated." Through the adoption of these two sections, the Legislature established that enforcement authority lies with police and societies for the prevention of cruelty to animals and violations would be handled in criminal proceedings.[1]

This is not a criminal action and plaintiff is not asking law enforcement officials to charge defendants with violations of the law subject to criminal penalties. Indeed, plaintiff has not alleged that these organizations are cruelly or unjustifiably injuring or maiming any dogs and admittedly does not intend to conform his dog's tail length to the breed standard. Therefore, neither plaintiff nor defendants have engaged in any conduct that violates the law as plaintiff interprets it.[2]

■■ The statute does not, either expressly or impliedly, incorporate a method for private citizens to obtain civil relief. In light of the comprehensive statutory enforcement scheme, recognition of a private civil right of action is incompatible with the mechanisms chosen by the Legislature (see Sheehy, 73 NY2d at 634-635; see also Walz v Baum, 42 AD2d 643, 644 [3d Dept 1973], lv denied 33 NY2d 517 [1973]). Inasmuch as plaintiff concedes that his claims sounding in discrimination cannot be maintained in the absence of a private right of action under the

---

1. The Legislature has prohibited or regulated other physical alterations of animals, including the cutting of horse tails (see Agriculture and Markets Law § 368) and the clipping of dogs' ears (see Agriculture and Markets Law § 365).

2. It is therefore unnecessary for us to determine here whether dog tail docking violates section 353 of the Agriculture and Markets Law.

Agriculture and Markets Law, those claims were also properly dismissed.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT and READ concur.

Order affirmed, with costs.