■ TADEUSZ OLSZEWSKI et al., Plaintiffs, v PARK TERRACE GARDENS, INC., ·et al., Defendants and Third-Party Plaintiffs-Respondents. PLAZA RESTORATION, INC., Third-Party Defendant-Appellant. [812 NYS2d 473]—

Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered on or about June 9, 2004, which dismissed as academic third-party defendant Plaza's motion to set aside certain parts of the jury's verdict after a trial on damages only, and order, same court and Justice, entered September 22, 2005, which denied Plaza's motion for leave to renew the June 9, 2004 order, unanimously affirmed, with separate bills of costs.

The posttrial motion was properly dismissed because the case had been settled for the total sum of $10 million, Plaza's insurance carrier had paid the full amount of its policy toward that settlement, and Plaza's appeal sought an impermissible advisory opinion (*see Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988]). Examination of Plaza's own arguments on appeal, which set forth numerous uncertainties and potential outcomes regarding the motion to set aside the verdict and the remaining third-party claims for contractual and common-law indemnification, indicates that Plaza seeks nothing more than an advisory opinion here (*see Hammer v American Kennel Club*, 304 AD2d 74, 82 [2003], *affd* 1 NY3d 294 [2003]).

The court correctly denied Plaza's motion for renewal, which constituted yet another attempt to obtain an impermissible advisory opinion. Additionally, Plaza failed to offer any new facts that might have changed the prior determination (*see* CPLR 2221 [e] [2]).

We have considered Plaza's remaining arguments and find them without merit. Concur—Buckley, P.J., Friedman, Marlow, Nardelli and McGuire, JJ.