■ Patrick Rose, an Infant, by Arthur Rose, His Father and Guardian, et al., Appellants, v Onteora Central School District, Respondent. [861 NYS2d 442]—

Carpinello, J. Appeal from an order of the Supreme Court (Connolly, J.), entered May 30, 2007 in Ulster County, which

granted defendant's motion for summary judgment dismissing the complaint.

At approximately 7:30 A.M. on the morning of November 22, 2004, 14-year-old plaintiff Patrick Rose (hereinafter plaintiff), who was in ninth grade, went to his homeroom class at defendant's high school. Finding the door unlocked, he proceeded inside. His homeroom teacher was not there. Shortly thereafter—between one to three minutes after arriving—plaintiff was involved in an incident with two other students resulting in an injury to his finger. Specifically, another ninth-grade student—as a joke on his friend coming into the room—attempted to hold the door shut as his friend tried to pull it open. Plaintiff went over and pushed on the door in an effort to assist the incoming student when, within a "second," his thumb was smashed in the door. This action premised on negligent supervision ensued. At issue is an order of Supreme Court granting defendant summary judgment. We affirm.

Although "[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Wood v Watervliet City School Dist.*, 30 AD3d 663 [2006]), they are not insurers of student safety "for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable for every thoughtless or careless act by which one pupil may injure another" (*Mirand v City of New York*, 84 NY2d at 49 [internal quotation marks and citation omitted]; *see Van Leuvan v Rondout Val. Cent. School Dist.*, 20 AD3d 645, 646 [2005]). Moreover, to find that a school breached the duty to provide adequate supervision "in the context of injuries caused by the acts of fellow students," it must be demonstrated "that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d at 49; *Van Leuvan v Rondout Val. Cent. School Dist., supra*). Additionally, both the First and Second Departments have held, and not unreasonably so in our view, that constant supervision of students at the high school level is not required (*see e.g. Johnsen v Carmel Cent. School Dist.*, 277 AD2d 354 [2000]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]; *Barretto v City of New York*, 229 AD2d 214, 219 [1997], *lv denied* 90 NY2d 805 [1997]).

Guided by these principles, we find that summary judgment was properly granted to defendant. The record reveals that

there was no history of disciplinary problems in the subject homeroom, no history of disciplinary problems with any of the involved students (*cf. Wilson v Vestal Cent. School Dist.*, 34 AD3d 999, 1000 [2006]) and that plaintiff's injury was the result of a spontaneous and careless prank among high school friends such that defendant could not have reasonably anticipated its occurrence or prevented it (*see Henry v Cobleskill-Richmondville Cent. School Dist.*, 13 AD3d 968, 970 [2004]; *Van Leuvan v Rondout Val. Cent. School Dist., supra*; *Moody v New York City Bd. of Educ.*, 8 AD3d 639 [2004]; *Sanzo v Solvay Union Free School Dist.*, 299 AD2d 878 [2002]; *Convey v City of Rye School Dist.*, 271 AD2d at 160; *Malik v Greater Johnstown Enlarged School Dist.*, 248 AD2d 774 [1998]; *Tomlinson v Board of Educ. of City of Elmira*, 183 AD2d 1023 [1992]).

As a final matter, plaintiffs' claim that a defect in the door contributed to the injury, a theory raised for the first time in opposition to defendant's motion for summary judgment, was insufficient to bar summary judgment (*see Scanlon v Stuyvesant Plaza*, 195 AD2d 854, 855-856 [1993]).

Cardona, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.