■ STEVEN MOFFATT et al., Individually and as Parents and Guardians of TYLER MOFFATT, an Infant, Appellants, v NORTH COLONIE CENTRAL SCHOOL DISTRICT, Respondent, et al., Defendant. [917 NYS2d 754]—

Malone Jr., J.

In January 2006, while attending a basketball game at Shaker Senior High School, which is operated by defendant North Colonie Central School District (hereinafter defendant), plaintiffs' teenage son, Tyler Moffatt, who was a student at another high school, and some of his friends were involved in a physical altercation with a group of Shaker High students, including defendant Hyder Kadhim. During this altercation, Kadhim allegedly punched Moffatt in the face.* Plaintiffs thereafter commenced this action, individually and on behalf of Moffatt, seeking damages for Moffatt's injuries, alleging that defendant provided inadequate security at the game and negligently supervised the students. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion and plaintiffs appeal.

While schools are not generally insurers of students' safety, they do "have a duty to adequately supervise students in their care and will be held liable for foreseeable injuries proximately related to the lack of adequate supervision" (*Druba v East Greenbush Cent. School Dist.*, 289 AD2d 767, 767-768 [2001];

---

* Kadhim ultimately pleaded guilty to assault in the third degree and was sentenced to a period of community service.

*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]). For a defendant to be liable for injuries that were caused by the intentional acts of another student, "it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the [student's intentional] acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Druba v East Greenbush Cent. School Dist.*, 289 AD2d at 768). Here, the evidence offered by defendant in support of its motion for summary judgment established that Kadhim did not have any serious disciplinary problems at school, he generally enjoyed a good reputation with students and administrators and he had no prior interaction with Moffatt. Absent evidence that Kadhim had a history of engaging in dangerous or violent conduct, or that Kadhim presented "an imminent foreseeable danger" to Moffatt (*Mirand v City of New York*, 84 NY2d at 50), his impulsive and spontaneous attack on Moffatt could not have been reasonably anticipated by defendant (*see MacCormack v Hudson City School Dist. Bd. of Educ.*, 51 AD3d 1121, 1122-1123 [2008]). Like Supreme Court, we are not persuaded by plaintiffs' contention that the minor argument between Kadhim and his girlfriend on the night of the incident, during which Kadhim struck a trophy case, put defendant on notice that Kadhim's subsequent behavior would escalate to the assault on Moffatt, particularly considering that the school administrator who intervened in the argument testified that he advised Kadhim to go home and Kadhim was calm and cooperative as he left the building.

Next, for liability to arise out of defendant's allegedly inadequate provision of security, which is a governmental function, it must be established that defendant owed " 'a special duty of protection' " to Moffatt (*Jennifer R. v City of Syracuse*, 43 AD3d 1326, 1326-1327 [2007], quoting *Bonner v City of New York*, 73 NY2d 930, 932 [1989]; *see Doe v Town of Hempstead Bd. of Educ.*, 18 AD3d 600, 601 [2005]). There is no evidence in this record that defendant assumed such duty. Accordingly, summary judgment dismissing the claim against defendant was appropriate.

Mercure, J.P., Peters, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.