*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    522416
_____

ANTHONY MOTTA JR., an Infant,
    by ANTHONY MOTTA
    SR. et al., His Parents,
    et al.,
                    Appellants,

        v                              MEMORANDUM AND ORDER

ELDRED CENTRAL SCHOOL
    DISTRICT,
                    Respondent.
_____


Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.


_____


        The Rubino Law Firm, Yonkers (Jennielena Rubino of
counsel), for appellants.

        Hogan, Sarzynski, Lynch, Dewind & Gregory, LLP, Johnson
City (Cameron B. Daniels of counsel), for respondent.


_____


Mulvey, J.

        Appeal from an order of the Supreme Court (McGuire, J.),
entered March 26, 2015 in Sullivan County, which granted
defendant's motion for summary judgment dismissing the complaint.

        During the 2011-2012 and 2012-2013 school year, plaintiff
Anthony Motta Jr., a student at Eldred Junior-Senior High School,
was subjected to harassment and bullying by several classmates,
who called him disparaging epithets, urinated on him, damaged or
otherwise snatched his belongings and engaged in physical
altercations with him.  On several occasions, the school

principal, a guidance counselor and a school security guard were notified of the bullying and some remedial action was taken; the bullying allegedly continued. The harassment and bullying allegedly had a negative effect on, among other things, Motta's academic performance, requiring him to repeat ninth grade, as well as his behavior in that he engaged in physical altercations with his classmates that resulted in his suspensions from school. Ultimately, defendant transferred Motta to the Boards of Cooperative Educational Services program.

Plaintiffs commenced this action against defendant alleging that Motta sustained physical, mental and emotional injuries as a result of defendant's negligent supervision of its students and its violation of the Dignity for All Students Act (Education Law § 10 et seq. [hereinafter DASA]). Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court, finding that DASA does not create a private right of action and that defendant was not deliberately indifferent to the incidences between Motta and his classmates, granted the motion. This appeal by plaintiffs ensued.

Initially, we find no reason to disturb Supreme Court's finding that DASA does not provide for a private right of action. There is no explicit private right of action in the statutory scheme nor can one be implied from the statutory language and the legislative history (see Executive Law § 10 et seq.; Carrier v Salvation Army, 88 NY2d 298, 302 [1996]; Ovitz v Bloomberg L.P., 77 AD3d 515, 516 [2010], affd 18 NY3d 753 [2012]; Gandler v City of New York, 57 AD3d 324, 325 [2008]). DASA is intended to create and implement school board policies in order to "afford all students in public schools an environment free of discrimination and harassment" caused by incidents of "bullying, taunting or intimidation" (Education Law § 10) "through the appropriate training of personnel, mandatory instruction for students on civility and tolerance, and reporting requirements" (People v Marquan M., 24 NY3d 1, 4 [2014]; see Education Law § 13). To imply a private right of action would not further the legislative purpose or comport with the statutory scheme.

Turning to the negligent supervision cause of action, we find that the allegations in the complaint are more appropriately

analyzed under the standard set forth in Mirand v City of New York (84 NY2d 44, 49 [1994]), rather than the "deliberate indifference" standard — utilized by Supreme Court — which is applicable to claims arising out of violations of federal law. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (id. [citations omitted]; see Rose v Onteora Cent. School Dist., 52 AD3d 1161, 1162 [2008]). "In that regard, a school district is held to the same degree of care as would a reasonably prudent parent placed in comparable circumstances" (Hofmann v Coxsackie-Athens Cent. School Dist., 70 AD3d 1116, 1117 [2010] [internal quotation marks and citation omitted]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952 [2015] [internal quotation marks and citation omitted]; see Hofmann v Coxsackie-Athens Cent. School Dist., 70 AD3d at 1117; Rose v Onteora Cent. School Dist., 52 AD3d at 1162). Furthermore, the injuries sustained by a plaintiff must be proximately caused by the school's breach of its duty to provide adequate supervision (see Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1000 [2006]). Such issues regarding adequate supervision and proximate cause are generally questions left to the trier of fact to resolve (see Wood v Watervliet City School Dist., 30 AD3d 663, 664 [2006]; Oakes v Massena Cent. School Dist., 19 AD3d 981, 982 [2005]).

There is no dispute that, beginning in 2011, defendant had actual knowledge of the numerous conflicts between Motta and his classmates. In support of its summary judgment motion, defendant submitted the affidavits of the school principal and a guidance counselor, as well as their deposition testimony, indicating that they investigated, reported and addressed all incidents of which they were made aware and resolved those conflicts through discipline of the identified student, mediation, directives to Motta's teachers and a change in class schedules to keep Motta

and the identified classmates separated when possible.  This evidence, and the deposition testimony of the school security officer, further indicated that not all incidents were reported by Motta to school officials despite being advised to do so, and that many of the investigations into Motta's complaints concluded that Motta also engaged in harassing and violent conduct with the other students.  In response, plaintiffs submitted affidavits from Motta and plaintiff Christine Horne, Motta's mother, as well as other evidence setting forth specific incidents of harassment and bullying reported to school administrators that continued even after remedial measures were taken by defendant.  These affidavits noted specific occasions where defendant's response to Motta's complaints of bullying appeared inadequate and, at times, met with inappropriate responses and the blame was placed on Motta.  Plaintiffs also alleged the detrimental impact that defendant's failure to adequately address the bullying had on Motta.  We find that the conflicting evidence establishes triable issues of fact with regard to whether defendant adequately supervised the students and, if not, whether such negligent supervision was the proximate cause of Motta's injuries.  As such, defendant's motion for summary judgment should have been denied (see Hofmann v Coxsackie-Athens Cent. School Dist., 70 AD3d at 1117-1118; Wilson v Vestal Cent. School Dist., 34 AD3d at 1000; Wood v Watervliet City School Dist., 30 AD3d at 664).

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is reversed, on the law, with costs, and motion denied.




ENTER:

Robert D. Mayberger
Clerk of the Court