Golden v The Diocese of Buffalo, NY (2020 NY Slip Op 03354)





Golden v The Diocese of Buffalo, NY


2020 NY Slip Op 03354


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1072 CA 19-00740

[*1]MATTHEW GOLDEN, PLAINTIFF-APPELLANT,
v
THE DIOCESE OF BUFFALO, NY, DEFENDANT-RESPONDENT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
CONNORS LLP, BUFFALO (TERRENCE M. CONNORS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered January 10, 2019. The order granted the motion of defendant to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against defendant, the Diocese of Buffalo, NY (Diocese), seeking injunctive relief and damages for personal injuries arising from alleged sexual abuse committed by a Roman Catholic priest in the parish of Our Lady of Perpetual Help between 1996 and 1999, when plaintiff was approximately 10 to 13 years old. In his complaint, plaintiff asserted a single cause of action for public nuisance premised on the common law and Penal Law § 240.45. Plaintiff alleged, inter alia, that the Diocese knew or should have known, both before and after the priest's abuse of plaintiff took place, that the priest was a danger to children. By transferring the priest to other parishes and placing him on administrative leave without informing the parishioners of the multiple reports that had been received regarding child sexual abuse committed by him, plaintiff alleged, the Diocese affirmatively concealed the priest's history of sexually abusing children and placed the public at risk of being victimized by him. The Diocese moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (7), and Supreme Court granted the motion. We affirm.
Contrary to plaintiff's contention, the complaint fails to state a cause of action for common-law public nuisance. Accepting as true the facts alleged in the complaint and according plaintiff the benefit of every possible favorable inference (see Southwestern Invs. Group, LLC v JH Portfolio Debt Equities, LLC, 169 AD3d 1510, 1510-1511 [4th Dept 2019]; see generally Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017]), we conclude that the complaint fails to allege the requisite "substantial interference with the exercise of a common right of the public" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292 [2001], rearg denied 96 NY2d 938 [2001]; see New York Trap Rock Corp. v Town of Clarkstown, 299 NY 77, 80 [1949]; see also Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 568 [1977], rearg denied 42 NY2d 1102 [1977]). "Conduct does not become a public nuisance merely because it interferes with . . . a large number of persons. There must be some interference with a public right. A public right is one common to all members of the general public. It is collective in nature and not like the individual right that everyone has not to be assaulted or defamed or defrauded or negligently injured" (Restatement [Second] of Torts
§ 821B, Comment g). Here, the complaint alleges the infringement of, at most, a common right of a particular subset of the community, i.e., a group of Roman Catholic parishioners in the area of the Diocese who attended or were active in the priest's parishes. The complaint does not allege that the general public was exposed to the priest's conduct, nor does it otherwise allege interference with a collective right belonging to all members of the public (see Monaghan v [*2]Roman Catholic Diocese of Rockville Ctr., 165 AD3d 650, 653 [2d Dept 2018], lv dismissed 32 NY3d 1192 [2019]).
Contrary to plaintiff's further contention, we conclude that Penal Law § 240.45 does not imply a private right of action under the circumstances presented here. "Where a penal statute does not expressly confer a private right of action on individuals pursuing civil relief, recovery under such a statute may be had only if a private right of action may fairly be implied' " (Hammer v American Kennel Club, 1 NY3d 294, 299 [2003]; see Cruz v TD Bank, N.A., 22 NY3d 61, 70 [2013]). Three essential factors are considered in determining whether a private right of action may fairly be implied: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (Sheehy v Big Flats Community Day, 73 NY2d 629, 633 [1989]; see also Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 329-331 [1983]).
Even assuming, arguendo, that Penal Law § 240.45 was enacted to protect a class of people, including plaintiff, from the dangers posed by sexual predators (see Sheehy, 73 NY2d at 633), and further assuming, arguendo, that the recognition of a private right of action would promote that legislative purpose (see id.), we nevertheless conclude that the third, and "most important," factor (Cruz, 22 NY3d at 70; see Burns Jackson Miller Summit & Spitzer, 59 NY2d at 325) militates against recognizing such an implied private right of action under these circumstances. First, in the event that there is a judgment of conviction establishing guilt, the Sex Offender Registration Act prescribes a classification and notification system (see Correction Law § 168 et seq.), and permitting plaintiff to seek the injunctive relief requested here through a private right of action under Penal Law § 240.45 would effectively implement a similar notification system, but without any classifications and without any due process protections for the accused (see generally Sheehy, 73 NY2d at 635-636). Second, it is well settled that "a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature" (id. at 634-635; see Cruz, 22 NY3d at 70-71), and recognizing a private right of action under these circumstances would not be consistent with the existing mechanism for enforcing the statute, i.e., criminal prosecution. Third, to the extent that plaintiff seeks compensatory damages for the alleged sexual offenses perpetrated against him by the priest, plaintiff may bring any legally viable claims under the Child Victims Act, which extended the relevant statute of limitations period to enable victims of child sexual abuse to seek civil redress against any party whose intentional or negligent acts or omissions are alleged to have resulted in sexual abuse (see CPLR 208 [b]).
In light of our determination, we need not reach plaintiff's remaining contentions.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court