Rosenblum v Trinity Hudson Holdings, LLC (2022 NY Slip Op 07013)

Rosenblum v Trinity Hudson Holdings, LLC

2022 NY Slip Op 07013

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 160656/14 Appeal No. 16855 Case No. 2021-04254 

[*1]Kenneth Rosenblum et al., Plaintiffs-Appellants,
v
Trinity Hudson Holdings, LLC, et al., Defendants-Respondents.

Greenberg, Trager & Herbst, LLP, New York (Kalvin Kamien of counsel), for Kenneth Rosenblum, appellant.
Stroock & Stroock & Lavan LLP, New York (Kevin L. Smith of counsel), for Craig Treitler and Steven Rosenblum, appellants.
Vigorito, Barker, Patterson, Nicholas & Porter, LLC, New York (William H. Gagas of counsel), for respondents.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about May 19, 2021, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' motion to amend the complaint, unanimously affirmed, with costs.
The court correctly granted defendants' motion for summary judgment dismissing the complaint. The affidavit of plaintiffs' expert failed to raise an issue of fact in opposition to defendants' experts' affidavit, as the expert's opinion was "devoid of any reference to a foundational scientific basis for its conclusions" (Romano v Stanley, 90 NY2d 444, 452 [1997]). Plaintiffs' engineer merely stated that "defendants' pumping zone of influence extends . . . under the entire foundation footprint" of plaintiffs' building without addressing defendants' engineers' specific explanations as to why defendants' pumping was not causing fine silts and soils to disappear from under the foundation of plaintiffs' building.
The court providently exercised its discretion in denying plaintiffs' motion to amend the complaint. Defendants would have been prejudiced by such amendment given the delay, coupled with the fact that the claim plaintiffs sought to add was for punitive damages (see Heller v Louis Provenzano, Inc., 303 AD2d 20, 22-24 [1st Dept 2003]).
In any event, the proposed amendment lacks merit (see id. at 25). The basis for plaintiffs' request for punitive damages is that defendants are putting groundwater into the New York City sewer system in violation of New York City Department of Environmental Protection's (DEP) rules and regulations (Rules of City of NY Dept of Envtl Protection [15 RCNY] § 19-02). However, "mere evidence of safety regulations violation is insufficient to warrant the imposition of punitive damages" (id. [internal quotation marks omitted]).
Moreover, plaintiffs would not have a private right of action for violation of this rule, as they are not "one of the class for whose particular benefit the [rule] was enacted" (Hammer v American Kennel Club, 1 NY3d 294, 299 [2003] [internal quotation marks omitted]). The text of the rule, and the notes thereto, indicate that DEP was concerned about (1) pollution and (2) whether the sewer system/wastewater treatment plants would be overwhelmed, not about harm to the neighbor of the person discharging groundwater into the sewer. Furthermore, giving plaintiffs a private right of action would be inconsistent with the administrative scheme (see Hammer, 1 NY3d at 299), because 15 RCNY 19-02 envisages a permit system managed by DEP. Since plaintiffs would not have a private right of action for defendants' violation of 15 RCNY 19-02, they would not be entitled to punitive damages for such violation.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022