McGarvey v Eldred Cent. Sch. Dist. (2023 NY Slip Op 05570)

McGarvey v Eldred Cent. Sch. Dist.

2023 NY Slip Op 05570

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

CV-22-2215
[*1]Graham McGarvey et al., Individually and as Parents and Guardians of G.B. et al., Infants, Appellants,
v
Eldred Central School District, Respondent.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Rubino Law Firm, Yonkers (JenniElena Rubino of counsel), for appellants.
The Mills Law Firm, LLP, Clifton Park (Christopher K. Mills of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Kevin R. Bryant, J.), entered May 10, 2022 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.
Commencing with the 2013-2014 school year and continuing through the 2018-2019 school year, G.B. and E.M. (hereinafter collectively referred to as the children) were students in defendant's school district. Throughout that period, plaintiffs allege that the children were subjected to harassment and bullying by fellow students, including name calling, taunting and physical altercations. Plaintiffs allegedly reported the bullying and harassment to school officials and concede that some remedial action was taken; however, they allege that the school failed to investigate all reports, that the remedial action taken by the school was inadequate, and that the harassment and bullying allegedly continued. Plaintiffs allege that the bullying and harassment had a negative effect on the children, causing their academic performance to suffer, and that the children responded with retaliatory behavior resulting in their suspensions from school.[FN1] Ultimately, after a lengthy out-of-school suspension, G.B. was transferred to the Board of Cooperative Educational Services program.
Plaintiffs, individually and as parents of the children, commenced this action against defendant alleging that the children sustained physical, mental and emotional injuries as a result of defendant's negligent supervision of its students. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and this appeal by plaintiffs ensued. We affirm.
"It is well-settled that schools have a duty to adequately supervise their students, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010] [internal quotation marks and citations omitted]; see Rose v Onteora Cent. School Dist., 52 AD3d 1161, 1162 [3d Dept 2008]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused [the] injury; that is, that the third-party acts could reasonably have been anticipated" (Motta v Eldred Cent. Sch. Dist., 141 AD3d 819, 821 [3d Dept 2016] [internal quotation marks and citations omitted]; see Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1000 [3d Dept 2006]). "Furthermore, the injuries sustained by a plaintiff must be proximately caused by the school's breach of its duty to provide adequate supervision" (Motta v Eldred Cent. Sch. Dist., 141 AD3d at 821 [citation omitted]; see Wood v Watervliet City School Dist., 30 AD3d 663, 664 [3d Dept 2006]). At the same time, "[s]chools are not insurers of safety, . . . for they [*2]cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable for every thoughtless or careless act by which one pupil may injure another" (Mirand v City of New York, 84 NY2d 44, 49 [1994] [internal quotation marks and citation omitted]; see Conklin v Saugerties Cent. Sch. Dist., 106 AD3d 1424, 1425 [3d Dept 2013]; Moffatt v North Colonie Cent. School Dist., 82 AD3d 1311, 1311 [3d Dept 2011]).
Initially, plaintiffs' contentions that Supreme Court was heavily influenced by G.B.'s crime of making a terroristic threat and that the children's disciplinary records are hearsay and inadmissible are unpreserved as these contentions were not raised before Supreme Court (see Ross v State of New York, 217 AD3d 1225, 1226 [3d Dept 2023]; Harris v Schreibman, 200 AD3d 1117, 1129 [3d Dept 2021]).
Turning to plaintiffs' contention that Supreme Court erred in granting defendant summary judgment as issues of fact remain, "[s]ummary judgment must be granted if the proponent makes a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and the opponent fails to rebut that showing" (Brandy B. v Eden Cent. School Dist., 15 NY3d at 302 [internal quotation marks and citation omitted]). In support of its summary judgment motion, defendant submitted, among other things, the depositions of numerous school personnel in which they averred that they investigated, addressed all reported incidents, and resolved the conflicts in a myriad of ways, namely, discipline, mediation and separation of the children from identified classmates where possible. Moreover, many of the complaints that were investigated by defendant resulted in the conclusion that the children instigated a majority of the incidents, and that the acts undertaken by the children were of a serious nature.[FN2] Defendant's expert, Jason Andrews, a certified school district administrator, opined that defendant's Code of Conduct is reasonable and appropriate, complies with the New York State Dignity for All Students Act (hereinafter DASA) and meets the standard of care for school districts in New York.[FN3] The expert further opined that defendant properly investigated all allegations reported by G.B., including the incidents where G.B. reported that when he was in the sixth grade a fellow student named S.B. chased him and other students with a knife, while in computer class two fellow students took pictures of him and in 2018 when he was hit in the head by a fellow student. Additionally, defendant's expert opined that defendant appropriately investigated the incidents reported by E.M. involving name calling by a fellow student in the third grade and an October 2017 incident involving fellow student E.S. Moreover, defendant's expert opined that his review of 20 disciplinary records involving G.B. and six records involving E.M. were [*3]properly investigated and appropriate discipline was doled out to correct the misconduct. Andrews concluded that "the supervision provided by [defendant] was reasonable and appropriate, and there is nothing in th[e] record that would indicate that [defendant] was negligent or in any way failed to provide reasonable and appropriate supervision under the circumstances." Accordingly, we agree with Supreme Court that defendant's submissions were more than sufficient to shift the burden to plaintiffs to raise a triable issue of fact (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302).
In opposing defendant's motion, plaintiffs submitted an attorney affidavit, an affidavit by the children's father and an expert affidavit by Barbara Coloroso, a professional educator, as well as plaintiffs' depositions. An attorney affidavit lacks any probative value, as counsel did not have firsthand knowledge of the facts underlying any of the alleged incidents (see Kreis v Kiyonaga, 200 AD3d 1144, 1146 [3d Dept 2021]; Delosh v Amyot, 186 AD3d 1793, 1794 [3d Dept 2020]; Whiteside v Stachecki, 180 AD3d 1291, 1293 [3d Dept 2020]). The affidavit of the children's father, setting forth a timeline of the alleged bullying events, is of limited probative value as he did not have personal knowledge of the facts. The other portions of his affidavit are without support and are chiefly self-serving statements (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384 [2005]; Harris v Five Point Mission—Camp Olmstedt, 73 AD3d 1127, 1128 [2d Dept 2010]; Adefioye v Volunteers of Am., 222 AD2d 246, 248 [1st Dept 1995]). Although each child's deposition consists of averments that there were incidents that they reported that were not investigated by defendant, and even assuming that defendant had the requisite knowledge or notice, there was no proof that the incident led to further bullying or harassment by that fellow student or that any amount of supervision would have prevented further bullying and harassment by other students (see Conklin v Saugerties Cent. Sch. Dist., 106 AD3d at 1427; Sanzo v Solvay Union Free School Dist., 299 AD2d 878, 879 [4th Dept 2002]).
Coloroso's affidavit was also insufficient to raise a triable issue of fact as she failed to articulate the applicable standard of care, merely stating that she had been retained "to render an opinion on DASA" and her opinion is that defendant adopted appropriate policies and procedures in "compliance with DASA" but "failed in connection with the implementation of those policies and procedures" (see Nelson v Lighter, 179 AD3d 933, 935 [2d Dept 2020]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the [defendant's] expert[ ], setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Nelson v Lighter, 179 AD3d at 935 [internal quotation marks and citations omitted]; see Schwenzfeier v St[*4]. Peter's Health Partners, 213 AD3d 1077, 1080 [3d Dept 2023]).As Coloroso generally opined that there was "a failure of the standard of care an educator must employ" but does not adequately address the facts in the record or the specific assertions made by defendant's expert, her affidavit is conclusory, speculative and unsupported by the evidence (see Schwenzfeier v St. Peter's Health Partners, 213 AD3d at 1080; Rosenblum v Trinity Hudson Holdings, LLC, 211 AD3d 494, 495 [1st Dept 2022]; Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796 [2d Dept 2017]). Contrary to plaintiffs' contention, there are no conflicting expert opinions that warrant a jury determination as to the cause of action alleging negligent supervision (see Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674, 677 [3d Dept 2020]; Tsitrin v New York Community Hosp., 154 AD3d 994, 997 [2d Dept 2017]; Grandeau v South Colonie Cent. School Dist., 63 AD3d 1484, 1486 [3d Dept 2009]).
Although Coloroso asserts that the evidence "evinces a deviation from acceptable DASA practice," this assertion has no probative value relative to plaintiffs' claim of negligent supervision as DASA does not provide for a private right of action (see Motta v Eldred Cent. Sch. Dist., 141 AD3d at 820). Accordingly, as there are no questions of fact concerning the elements of negligent supervision and proximate cause, defendant's motion for summary judgment was properly granted (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 303; Moffatt v North Colonie Cent. School Dist., 82 AD3d at 1312; Rose v Onteora Cent. School Dist., 52 AD3d at 1162; MacCormack v Hudson City School Dist. Bd. of Educ., 51 AD3d 1121, 1123 [3d Dept 2008]; compare Motta v Eldred Cent. Sch. Dist., 141 AD3d at 821-822).
Garry, P.J., Lynch, Pritzker and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: These suspensions involved both in-school and out-of-school suspensions.

Footnote 2: Among the (several) disciplinary referrals produced by the school were those that referred G.B. for discipline because he threatened to "shoot up" the school, threatened and bullied a special needs student on the school bus, punched a kindergarten student in the face, and referred to a student as a "fag**t" and a "dirty Mexican." It also produced a Facebook message wherein he advised another student to "cut herself" and that "suicide is always an option"; as for E.M., the referrals included those that referred her for discipline because she had threatened to kill another student on the bus and swearing and threatening other students on the bus.

Footnote 3: DASA is New York's antibullying statute.