L.K. v Niskayuna Cent. Sch. Dist. (2024 NY Slip Op 05262)

L.K. v Niskayuna Cent. Sch. Dist.

2024 NY Slip Op 05262

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-1275
[*1]L.K., an Infant, by his Parent and Guardian, Renata Mazzei- Klokiw, Appellant,
v
Niskayuna Central School District, Respondent.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Turpin & Snider LLC, New City (Mitchell Dranow, Sea Cliff, of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert A. Rausch of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (Vincent W. Versaci, J.), entered June 20, 2023 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.
On November 14, 2019, L.K. was in ninth grade at defendant's Niskayuna High School. After school that day, he and other student athletes were milling around in a common area near the school's gymnasium until it was their turn to use the weight room. Some of the students, including L.K. and N.R., who L.K. did not know well, were sitting at a table in the area and killing time by folding up post-it notes and throwing them at the ceiling. L.K. took his turn and tossed the post-it notes across the table to N.R., who, without any warning, got up, walked behind L.K. and put him in a chokehold. N.R. proceeded to pull L.K. out of his chair by the neck and drag him a short distance away from the table. L.K. lost consciousness at some point and, when N.R. released him a few seconds later, he immediately fell to the floor and sustained a broken jaw and other injuries. The entire incident lasted no more than 10 seconds, and school officials, who had heard the commotion in their office down the hall, quickly responded to provide assistance.
Plaintiff, individually and as L.K.'s mother, commenced this action against defendant, alleging that defendant knew or should have known of N.R.'s violent propensities and that L.K. would not have been injured but for defendant's negligent supervision.[FN1] Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, determining that defendant had adequate supervision in place and that, in any event, the November 2019 incident was not foreseeable. Plaintiff appeals.
We affirm. Although "[s]chools are under a duty to adequately supervise the students in their charge and . . . will be held liable for foreseeable injuries proximately related to the absence of adequate supervision . . . , they cannot reasonably be expected to continuously supervise and control all movements and activities of students" and will not be held liable for every act by one student that injures another (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see McGarvey v Eldred Cent. Sch. Dist., 221 AD3d 1114, 1115 [3d Dept 2023]; Spaulding v Chenango Val. Cent. School Dist., 68 AD3d 1227, 1228 [3d Dept 2009], lv denied 14 NY3d 707 [2010]). Instead, "a school district will only be held liable for injuries intentionally inflicted by another student where it is established that the dangerous conduct 'could reasonably have been anticipated,' i.e., where school authorities had actual or constructive notice of prior similar conduct on the part of the offending student" (Conklin v Saugerties Cent. Sch. Dist., 106 AD3d 1424, 1426 [3d Dept 2013], quoting Mirand v City of New York, 84 NY2d at 49; see LaValley v Northeastern Clinton Cent. Sch. Dist., 130 AD3d 1276, 1276-1277 [3d Dept 2015]; Romero v YMCA [*2]of Greater Malone Dev. Group, LLC, 79 AD3d 1344, 1345-1346 [3d Dept 2010]). "Even where such notice is present and the consequent duty of supervision is breached, the plaintiff must further show that the alleged injury 'was a normal or foreseeable consequence of the situation created by the school's negligence' " (Conklin v Saugerties Cent. Sch. Dist., 106 AD3d at 1426, quoting Mirand v City of New York, 84 NY2d at 50; see Wood v Watervliet City School Dist., 30 AD3d 663, 664 [3d Dept 2006]).
Here, defendant came forward with proof that it had no records of any disciplinary history involving N.R. prior to the time of the November 2019 incident, either at Niskayuna High School or the private school that he had previously attended. Defendant also produced the testimony and written reports of school officials reflecting that, although the officials had seen N.R. engage in "horseplay" and "roughhousing" before the November 2019 incident and had warned him not to put his hands on other students, that behavior was fairly "typical" for students and they had never seen him threaten or assault another student or received any complaints of such behavior. Indeed, L.K. himself testified and admitted that, while N.R. had a reputation as a bully and was known to do things like punch people in the arm as they walked past him in the hall, L.K. had never complained about N.R.'s behavior to school officials and N.R. had never assaulted or threatened him prior to the November 2019 incident. The foregoing amply satisfied defendant's initial burden of showing that it had no reason to believe that N.R. would engage in dangerous, assaultive conduct like placing a fellow student in a chokehold with sufficient force to cause him to lose consciousness (see Hale v Holley Cent. Sch. Dist., 159 AD3d 1509, 1511 [4th Dept 2018], lv denied 31 NY3d 913 [2018]; Conklin v Saugerties Central Sch. Dist., 106 AD3d at 1426-1427; Sanzo v Solvay Union Free School Dist., 299 AD2d 878, 878 [4th Dept 2002]). Defendant further demonstrated — with evidence including L.K.'s testimony and video footage of the November 2019 incident showing that N.R. gave no warning before placing L.K. in a chokehold and that the entire incident was over within 10 seconds — that any flaw in defendant's supervision of its students was not a proximate cause of L.K.'s injuries because the incident "occurred so suddenly that no amount of supervision would have prevented it" (Sanzo v Solvay Union Free School Dist., 299 AD2d at 879; see Elbadwi v Saugerties Cent. Sch. Dist., 141 AD3d 805, 807 [3d Dept 2016]; cf. Wood v Watervliet City School Dist., 30 AD3d at 665 [factual dispute as to whether school was aware of assaultive behavior and argument between students before punches were thrown]).
To be sure, the issues of adequate supervision and proximate cause are generally questions of fact for a jury to resolve, but summary judgment is warranted where the moving party "makes a prima facie showing of entitlement to judgment [*3]as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and the opponent fails to rebut that showing" (Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010] [internal quotation marks and citation omitted]; accord McGarvey v Eldred Cent. Sch. Dist., 221 AD3d at 1116; Conklin v Saugerties Cent. Sch. Dist., 106 AD3d at 1427). Plaintiff responded to defendant's prima facie showing with proof suggesting that N.R. was a troublemaker in elementary school and that at least a few students at Niskayuna High School (whose accounts, aside from that of L.K., were notably secondhand) considered N.R. a bully and had seen him subject his classmates to violent and aggressive behavior. Even viewing that proof in the light most favorable to plaintiff (see Conklin v Saugerties Cent. Sch. Dist., 106 AD3d at 1427), however, it did not raise any questions of fact on the key issues of whether defendant was or should have been aware of N.R.'s assaultive behavior prior to the November 2019 incident or whether defendant could have done anything to prevent L.K.'s injuries. Thus, with plaintiff having failed to raise any material questions of fact, Supreme Court properly granted defendant's motion for summary judgment and dismissed the complaint.
Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Plaintiff also sued N.R. and his parents, but that action was voluntarily discontinued in 2021.